# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> Dairy Farmers of America, Inc., <br><br> *Defendant*. | Case No. 1:20-cv-00442 <br> Oral Argument Requested |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Local Rule 65.1, Plaintiffs Food Lion, LLC ("Food Lion"), and the Maryland and Virginia Milk Producers Cooperative Association, Inc. ("MDVA"), by and through undersigned counsel, respectfully move the Court for a narrowly tailored preliminary injunction in the form of an asset preservation order in order to maintain the status quo and preserve the Court's ability to fashion an adequate remedy at trial.

On May 1, 2020, Defendant Dairy Farmers of America, Inc. ("DFA"), the nation's largest raw milk producer, expanded and consolidated its considerable market power by purchasing most of the assets of the nation's largest fluid milk processor, Dean Foods Company ("Dean"), including three fluid milk processing plants in North and South Carolina, out of a bankruptcy proceeding (the "Asset Sale"). As explained more fully in the accompanying memorandum, Plaintiffs assert that the Asset Sale substantially lessens competition in violation of Section 7 of the Clayton Act and represents an attempt by

DFA to monopolize in violation of Section 2 of the Sherman Act. If successful, the relief requested by Plaintiffs at trial will include divestiture of one of the three processing plants in the Carolinas in order to preserve competition. *See California v. Am. Stores Co.*, 495 U.S. 271, 281 (1990) (divestiture is the "most important of antitrust remedies" in Section 7 cases because it is "simple, relatively easy to administer, and sure").

In the interim, however, there is a considerable danger that DFA will take action that would frustrate the Court's ability to fashion an adequate divestiture remedy, including closing, selling, or degrading the plants; transferring or laying off workers; entering into long-term contracts that would saddle any potential divestiture buyer; and moving aggressively to "scramble the eggs" by consolidating and comingling operations. This motion therefore seeks a preliminary injunction in the form of an asset preservation order to maintain the status quo and preserve the Court's ability to fashion an appropriate divestiture remedy later. Such an order would strike the appropriate balance between allowing DFA to continue to operate the three plants and proceed with its plans for the unchallenged aspects of the Asset Sale while protecting the public's strong interest—as reflected in Congress's stated purpose in enacting Section 7—in arresting the potential anticompetitive aspects of the Asset Sale in its incipiency and maintaining affordable access to milk during the current pandemic.

Plaintiffs respectfully request that this Court issue an order providing the following:

    a. That preliminary relief is appropriate to preserve the status quo and protect the Court's ability to fashion an appropriate remedy at trial;
2

b. That the parties meet and confer regarding the terms of an appropriate asset preservation order and, if they cannot agree, that the parties submit proposed orders with supporting memorandum outlining their respective views on the terms of the order within fifteen (15) days.

In support of this motion, Plaintiffs file the accompanying memorandum of law, pursuant to Local Rule 7.2, and supporting declarations, including (1) Declaration of Mark Latva, (2) Declaration of Mike John, and (3) Declaration of Mikhael Shor.

Pursuant to Local Rule 65.1, Plaintiffs further request leave to present oral argument and testimony in support of the motion.

WHEREFORE, Plaintiffs ask that the Court issue a preliminary injunction in the form of an asset preservation order and grant leave to present oral argument and testimony in support of the motion.

DATED: May 22, 2020

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

s/ Ryan G. Rich
A. Todd Brown, Sr., N.C. State Bar No. 13806
Ryan G. Rich, N.C. State Bar No. 37015
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
tbrown@huntonak.com
rrich@huntonak.com

Ryan P. Phair (*pro hac vice forthcoming*)
John S. Martin (admitted *pro hac vice*)
Kevin Hahm (admitted *pro hac vice*)
Carter C. Simpson (admitted *pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
rphair@huntonak.com
martinj@huntonak.com

3

khahm@huntonak.com
cimpson@huntonak.com

*Attorneys for Food Lion, LLC*

**TROUTMAN SANDERS LLP**

s/ Jason D. Evans
Jason D. Evans, N.C. State Bar No. 27808
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1502
jason.evans@troutman.com

James A. Lamberth (*pro hac vice forthcoming*)
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
(404) 885-3362
james.lamberth@troutman.com

*Attorneys for Maryland and Virginia Milk Producers Cooperative Association, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that said document will be served on the defendant via UPS overnight mail, addressed as follows:

DAIRY FARMERS OF AMERICA, INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

                                            s/ Ryan G. Rich
                                              Ryan G. Rich