IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| FOOD LION, LLC, and MARYLAND & VIRGINIA MILK PRODUCERS COOPERATIVE ASSOC. INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20-CV-442 |
| DAIRY FARMERS OF AMERICA, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The matter is before the Court on review of the file for scheduling and case management purposes and on the plaintiffs' motion for expedited discovery in connection with their motion for preliminary injunction. The Court held a hearing with counsel to evaluate these matters on June 4, 2020.

Upon consideration and in the Court's inherent discretion to manage its docket, the Court finds that expedited discovery is appropriate and that a scheduling order is necessary. The motion for expedited discovery, Doc. 20, is **GRANTED** to the extent stated herein.

The defendant has stated its intent to file a motion to dismiss when its responsive pleading is due in a few days, without seeking an extension of time, and the Court has taken into account the scheduling for this briefing and related uncertainties. The Court expects the defendant will follow through on that schedule, and the Court does not

anticipate any extensions of time for the plaintiffs' response.  To facilitate a faster resolution of the motion to dismiss, possibly in advance of the document production contemplated by this Order, the time for the defendant's reply is shortened to 7 days.  Briefing will thus be completed by the middle of July.

Some of the proposed document requests submitted by the plaintiffs as an attachment to their motion for expedited discovery, *see* Doc. 20-1, seem, on preliminary review, to be overbroad and unduly burdensome for immediate expedited discovery, assuming they are otherwise appropriate.  To make it more likely that the defendant will not object to document requests, or that such objections will be narrower in scope, counsel shall immediately confer about the proposed document requests so the plaintiffs can make informed decisions about narrowing them before service.  Unless otherwise agreed by the parties, and without prejudice to additional expedited discovery requests due later, the plaintiffs may serve up to twelve document requests on the defendant no earlier than seven days from entry of this Order, selecting from and narrowing if appropriate the proposed requests at Doc. 20-1.  Any objections to these twelve document requests must be served within thirty days and no extensions are contemplated.  At the same time, the defendant must also begin producing responsive documents,[1] unless the Court *sua sponte* extends the time after reviewing the briefing on the motion to dismiss.

---

[1] Some of the document requests proposed by the plaintiffs are clearly appropriate, so the Court does not anticipate the defendant will refuse to produce any responsive documents at all; production of these documents should not await resolution of any disputed issues.  The Court appreciates that it will not be feasible to produce every single responsive document immediately.

The parties shall also meet and confer about the need for any additional expedited discovery the plaintiffs will seek, any written expedited discovery the defendant will seek, and expedited depositions and a protective order, if needed. To the extent the parties agree, they may proceed with such discovery without additional order of the Court. If they disagree or they would like a consent schedule or limits entered by court order, they shall file a Joint Submission setting forth the positions of all parties no later than June 22, 2020, including a proposed Consent Order or dueling proposed orders.

Subject to further order of the Court, all expedited discovery shall be completed by September 11, 2020; the plaintiffs may file a supplemental brief and evidence in support of the pending motion for preliminary injunction no later than September 18, 2020; the defendant may respond no later than September 30, 2020; and the plaintiffs may file a reply brief no later than October 7, 2020.

The Court suggests to the parties that this case may be appropriate for a slightly longer discovery period, and to then advance to a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). Another possibility is a schedule similar to one that might be imposed in the Eastern District of Virginia. If the Court denies the motion to dismiss, the parties are directed to meet and confer as required by Fed. R. Civ. P. 26(f) within five days of the denial, and to discuss, in addition to the usual topics, whether a Rule 65(a)(2) consolidation is appropriate, whether discovery can be completed on a rocket docket schedule, and the best way to expeditiously, efficiently, and fairly move this case to final resolution. The Rule 26(f) report required by the LR 16.2 shall include discussion of these issues.

To summarize and state the schedule in a slightly different way:

| | |
|---|---|
| Immediately | Parties to meet and confer on expedited discovery plan |
| June 16, 2020 | Defendant's motion to dismiss |
| June 17, 2020 | Plaintiffs may serve document requests |
| June 22, 2020: | Joint Submission on Discovery Schedule, if needed |
| July 7, 2020: | Plaintiffs' response to Defendant's motion to dismiss |
| July 14, 2020: | Defendant's reply brief for motion to dismiss |
| July 17, 2020: | Assuming 6/17/20 service, Defendant's response to document requests is due and document production begins, subject to court review of briefing on motion to dismiss |
| If MTD Denied | 5 Days from denial, Parties meet and confer about scheduling going forward per Rule 26(f) and LR 16.1 and this Order |
| September 11, 2020 | Expedited Discovery completed |
| September 18, 2020 | Plaintiffs' supplemental brief and evidence in support of pending preliminary injunction motion, Doc. 13, if needed |
| September 30, 2020 | Defendant's response to motion for preliminary injunction |
| October 7, 2020 | Plaintiffs' reply brief for preliminary injunction |

While reasonable cooperation between counsel is expected and is consistent with counsel's duty of zealous representation, it does not always occur, and the Court

4

appreciates counsel's willingness, stated in open court, to work together to solve logistical and discovery disputes and to move the case forward efficiently.

    **SO ORDERED**, this the 10th day of June, 2020.

                                                _____
                                                UNITED STATES DISTRICT JUDGE