IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FOOD LION, LLC, and MARYLAND AND
VIRGINIA MILK PRODUCERS
COOPERATIVE ASSOCIATION, INC.,

Plaintiffs,

v.

DAIRY FARMERS OF AMERICA, INC.,

Defendant.

1:20-CV-442

**STIPULATED NOTICE OF MATERIAL CHANGE ORDER**

THIS CAUSE is before the Hon. Catherine Eagles, U.S. District Court Judge Presiding, pursuant to the Parties' request for the entry of a stipulated order regarding the assets that are the subject of this litigation. The Court finds that:

1. On or about May 1, 2020, the Defendant, Dairy Farmers of America, Inc., ("DFA"), purchased certain assets of Dean Foods Company ("Dean") through a bidding and sale process overseen and authorized by the U.S. Bankruptcy Court for the Southern District of Texas, where Dean was in bankruptcy proceedings.

2. On May 19, 2020, the Plaintiffs filed this Complaint, alleging that the acquisition by DFA of the three Dean plants in North and South Carolina ("the Carolina Plants") would result in violations of Section 7 of the Clayton Act and Section 2 of the Sherman Act. As part of its remedy, the Complaint seeks the divestiture of "at least one" of the Carolina Plants to a purchaser unaffiliated with DFA. On May 22, 2020, the

Plaintiffs sought a Preliminary Injunction regarding the Carolina Plants in order to preserve the status quo pending trial and ensure that a divestiture remedy would remain viable. DFA denies that this Court has subject-matter jurisdiction over the matter, that Plaintiffs have stated a cause of action, or that Plaintiffs are entitled to the relief sought.

3. On May 31, 2020, the Plaintiffs filed a Motion for Expedited Discovery, ECF. No. 20. In a response filed on June 3, 2020, DFA submitted a declaration indicating that "DFA does not presently intend to close any of the Carolina Plants, or significantly change their operations." Declaration of John Wilson, ¶ 20, ECF. No. 25-1.

4. On June 10, 2020, the Court ordered expedited discovery. In its Order, the Court suggested that the Parties discuss a longer discovery period and then advance to a trial on the merits under Fed. R. Civ. P. Rule 65(a)(2), or a schedule similar to that utilized by the Eastern District of Virginia in complex matters.

5. The Parties have met and conferred and agreed to an expedited schedule, resulting in a trial on the merits under Rule 65(a)(2), that has been submitted to the Court. The Parties have agreed to the terms reflected in the Stipulated Order set forth below. The intent of this Order is to allow the Court to monitor the status quo pending trial to preserve the Court's ability to take action, if necessary, to preserve the status quo, and the ability to order divestiture at trial, if appropriate, while preserving the ability of DFA to continue to operate the Carolinas Plants in the regular course of business. To that end, the Parties agree to work together, in good faith, to address any issues that may arise under this Order in a cooperative and transparent manner.

6. The Parties have agreed that, from the date of this Stipulated Order until the date of a Final Order by the Court, DFA shall not take any of the actions set forth below without providing 30 days' written notice to the Court and to the Plaintiffs, to permit the Plaintiffs to object and seek expedited relief, if appropriate, from the Court:

   a. Close, remove, sell, lease, transfer, commingle, pledge, devalue, or otherwise dispose of the Carolina Plants and related tangible and intangible assets, except for intangible assets pursuant to DFA's obligations under the proposed Final Judgment in *United States v. Dairy Farmers of America, Inc.* (1:20-cv-02658 N.D. Ill.) and those actions involving tangible and intangible assets of the Carolina Plants solely taken in good faith in the ordinary course of business;

   b. Reduce the working conditions, staffing level or work force for the Carolina Plants below levels necessary to maintain the operations of the Carolina Plants in working order and for the working conditions reasonably appropriate for the market conditions at that time;

   c. Fail to maintain the Carolina Plants in operable condition or otherwise implement a plan to begin the process of retiring some or all of the Plants; and

   d. Take any material action that would prevent a divestiture remedy or render the feasibility or viability of such a remedy impractical from the perspective of a divestiture buyer with experience in the dairy industry.

7. DFA further agrees that it will not contest the viability or feasibility of a divestiture remedy at trial due to any changes that occurred between the filing of the complaint and any consolidated Rule 65(a)(2) trial that were not first raised with the Court and Plaintiffs pursuant to Paragraph 6 above. Nothing in this Order, however, shall be construed to prevent DFA from contesting the appropriateness of a divestiture remedy at trial or asserting that divestiture is infeasible or not viable for other reasons.

3

Case 1:20-cv-00442-CCE-JLW   Document 39   Filed 07/02/20   Page 3 of 5

**SO ORDERED** this 2nd day of July, 2020.

                                                                            UNITED STATES DISTRICT JUDGE

Dated: July 2, 2020.

Respectfully submitted,

| **HUNTON ANDREWS KURTH LLP** | **WOMBLE BOND DICKINSON (US) LLP** |
|---|---|
| */s/ Ryan G. Rich*<br>A. Todd Brown, Sr.<br>N.C. State Bar No. 13806<br>Ryan G. Rich<br>N.C. State Bar No. 37015<br>101 South Tryon Street, Suite 3500<br>Charlotte, North Carolina 28280<br>Telephone: (704) 378-4700<br>tbrown@huntonak.com<br>rrich@huntonak.com | */s/ Brent F. Powell*<br>James P. Cooney III<br>N.C. State Bar No. 12140<br>Sarah Motley Stone<br>N.C. State Bar No. 34117<br>WOMBLE BOND DICKINSON (US) LLP<br>Charlotte, North Carolina 28202<br>Phone: 704-331-4900<br>Fax: 704-331-4955<br>Jim.Cooney@wbd-us.com<br>Sarah.Stone@wbd-us.com |
| Ryan P. Phair (*admitted pro hac vice*)<br>John S. Martin (*admitted pro hac vice*)<br>Kevin Hahm (*admitted pro hac vice*)<br>Carter C. Simpson (*admitted pro hac vice*)<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Telephone: (202) 955-1500<br>rphair@huntonak.com<br>martinj@huntonak.com<br>khahm@huntonak.com<br>csimpson@huntonak.com | Brent F. Powell<br>N.C. State Bar No. 41938<br>One West Fourth Street<br>Winston-Salem, North Carolina 27101<br>Phone: 336-721-3600<br>Fax: 336-721-3660<br>Brent.Powell@wbd-us.com |

*Attorneys for Food Lion, LLC*

**TROUTMAN SANDERS LLP**

   */s/ Jason D. Evans*
Jason D. Evans, N.C. State Bar No. 27808
301 S. College Street, 34th Floor

Charlotte, NC 28202
Telephone: (704) 916-1502
jason.evans@troutman.com

James A. Lamberth (admitted *pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
(404) 885-3362
james.lamberth@troutman.com

*Attorneys for Maryland and Virginia Milk Producers Cooperative Association, Inc.*

**BAKER & MILLER PLLC**

W. Todd Miller*
Amber McDonald*
2401 Pennsylvania Avenue N.W.
Suite 300
Washington, D.C. 20037
Phone: 202-663-7820
Fax: 202-663-7849
TMiller@bakerandmiller.com
AMcDonald@bakerandmiller.com

Attorneys for
Dairy Farmers of America, Inc.

*\*By Special Appearance*