IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc.<br><br>*Plaintiffs*,<br><br>v.<br><br>Dairy Farmers of America, Inc.,<br><br>*Defendant*. | Case No. 1:20-cv-00442 |

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' FIRST MOTION TO COMPEL [ECF No. 46]

**HUNTON ANDREWS KURTH LLP**

A. Todd Brown, Sr., N.C. State Bar No. 13806
Ryan G. Rich, N.C. State Bar No. 37015
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
tbrown@huntonak.com
rrich@huntonak.com

Ryan P. Phair (*admitted pro hac vice*)
John S. Martin (*admitted pro hac vice*)
Kevin Hahm (*admitted pro hac vice*)
Carter C. Simpson (*admitted pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
rphair@huntonak.com
martinj@huntonak.com
khahm@huntonak.com
csimpson@huntonak.com

*Attorneys for Food Lion, LLC*

**TROUTMAN SANDERS LLP**

Jason D. Evans, N.C. State Bar No. 27808
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1502
jason.evans@troutman.com

James A. Lamberth (*pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3362
james.lamberth@troutman.com

*Attorneys for Maryland and Virginia Milk Producers Cooperative Association, Inc.*

Defendant Dairy Farmers of America, Inc. ("DFA") is refusing to produce undeniably relevant documents, many of which it already produced this year to the Department of Justice in its antitrust review, on the grounds that it does not believe the documents will ultimately be admissible in this litigation. Because there is no legally cognizable basis to withhold these otherwise discoverable documents, DFA should be compelled to produce them immediately.

Over two months ago, after this Court entered an Order (ECF No. 28) allowing for expedited discovery, Plaintiffs Food Lion, LLC ("Food Lion") and the Maryland and Virginia Milk Producers Cooperative Association, Inc. ("MDVA") served DFA with a first set of eight Requests for Production. Plaintiffs crafted these expedited requests to go to the heart of their claims: the anticompetitive effects of DFA's May 1, 2020, acquisition of three milk processing plants in the Carolinas as part of the purchase of a nationwide portfolio of assets (the "Asset Sale") from Dean Food Company ("Dean"). The Court ordered DFA to begin producing responsive documents within 30 days of the expedited Requests, noting that some of Plaintiffs' Requests were "clearly appropriate" such that "the Court [did] not anticipate [DFA] will refuse to produce any responsive documents at all." Order at 2 n.1.

DFA is refusing to produce documents based on two broad objections, which form the basis for Plaintiffs' current motion.[1] First, DFA is refusing to produce relevant

---

[1] DFA has raised additional objections to other of Plaintiffs' first Requests, which may result in future motions to compel. But because of the expedited schedule in this case and the critical importance of the documents that are the subject of this motion, Plaintiffs are filing this motion without delay.

documents, many of which were already provided to the Department of Justice, on the grounds that the documents constitute "compromise offers and settlement discussions" under Federal Rule of Evidence 408 and are therefore entirely exempt from discovery here. Second, DFA is refusing to produce documents concerning its relationship with Dean, all of which already were produced to the Department of Justice as part of its antitrust review, because DFA contends those documents are essentially too old to be relevant. DFA is wrong on both counts, and it is improperly withholding readily available documents.

## BACKGROUND AND REQUESTS AT ISSUE

Plaintiffs' Request for Production No. 1 calls for a subset of what DFA already produced to the Department of Justice:

> Request No. 1: All documents previously produced by DFA or Dean to the U.S. Department of Justice and/or state Attorneys General in connection with their investigation(s) and review(s) of the Asset Sale, excluding any documents that relate exclusively to milk processing plants outside of the relevant geographic region.

The other Request at issue as to DFA's Rule 408 argument reads:

> Request No. 3: All communications between DFA on the one hand and any third party on the other, including Dean, regarding potential antitrust or competition issues associated with the Asset Sale, excluding any documents that relate exclusively to milk processing plants outside of the relevant geographic region.

DFA has refused to produce certain documents responsive to these Requests. The parties have attempted unsuccessfully to resolve their disagreements through negotiation pursuant to Local Rule 37.1.

## QUESTIONS PRESENTED

(1) Whether DFA may withhold relevant documents because of a blanket "settlement privilege" from discovery under Federal Rule of Evidence 408.

(2) Whether DFA may withhold relevant materials from a prior litigation that it provided to the Department of Justice to aid its antitrust review of the Asset Sale.

## ARGUMENT

### I. DFA Cannot Withhold Relevant Documents in Discovery on the Basis that the Documents Could Be Inadmissible Under Rule of Evidence 408.

DFA refuses to produce relevant documents responsive to Request Nos. 1 and 3 because the documents allegedly include "compromise offers and settlement discussions [that] are protected [from third-party discovery] by Federal Rule of Evidence 408."[2] *See* McDonald Letter of August 10, at 5 ("DFA Letter"), attached as Exhibit A. DFA claims that there is a blanket "settlement privilege from discovery," citing in support *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), a Sixth

---

[2] DFA has refused to articulate what kind of allegedly confidential communications or agreements exist. If DFA submitted any material outside the context of settlement discussions, its Rule 408 objection is inapplicable. In a letter sent July 31, 2020, and in subsequent communications, Plaintiffs have sought clarification as to what material was submitted to the Department of Justice, and whether DFA was withholding any such material based on relevance. Plaintiffs further asked DFA to provide a list of items that it had provided to the Department of Justice that it believes fall outside of Request No. 1, and asked that DFA confirm that it will produce specific types of submissions that are typical in a Department of Justice merger investigation. DFA responded that it "believe[d it had] captured all relevant, non-privileged, non-duplicative documents relating to raw milk or fluid milk produced or sold in the relevant area which were produced to the Department of Justice…" McDonald Letter of August 10, at 7. DFA's response provides no clarity as to what it provided to the Department of Justice and whether it is withholding any of its Department of Justice submissions in response to Request No. 1.

Circuit case that has been roundly criticized[3] and is simply not the law in the Fourth Circuit. DFA does not deny that these materials are relevant or responsive to Plaintiffs' Requests.

Fourth Circuit law is clear: Rule 408 is a rule of *evidence*, not *discovery*, and there is no privilege that shields settlement materials from third-party discovery. *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc.*, No. 1:05-cv-955, 2011 WL 2470460, at *4 n.7 (M.D.N.C. June 20, 2011) ("[Federal] Rule [of Evidence] 408 does not warrant protecting settlement negotiations from discovery. On its face, [Federal Rule of Evidence 408] applies to the admissibility of evidence at trial, not to whether evidence is discoverable." (quotation omitted)). "The Fourth Circuit has never recognized a settlement privilege . . . ." *Volumetrics Med. Imaging, LLC*, at *4 n.5 (quoting *Polston v. Eli Lilly & Co.*, No. 3:08-3639, 2010 WL 2926159, at *1 (D.S.C. July 23, 2010)); *Townsend v. Nestle Healthcare Nutrition, Corp.*, No. 3:15-cv-06824, 2016 WL 1629363, at *5 (S.D.W. Va. Apr. 22, 2016) ("Courts within the Fourth Circuit have generally declined to recognize a federal settlement privilege."). And courts within the Fourth Circuit have specifically distinguished the sole case DFA cites in support of its argument. *E.g., Knowledge Learning Corp. v. Maloney*, No. cv-MJG-07-3234, 2008 WL 11363658, at *2 (D. Md. July 31, 2008) ("Since the Sixth Circuit's [*Goodyear*] decision, no other circuit has recognized a federal settlement privilege and the undersigned has declined to recognize such a privilege.").

---

[3] No other Circuit recognizes this privilege, and Westlaw shows 41 negative references.

"Instead, when determining whether a settlement agreement or information concerning settlement negotiations are subject to production in discovery, courts in this circuit have found that *relevance* not *admissibility*, is the appropriate inquiry." *Townsend*, 2016 WL 1629363, at *5 (emphasis in original) (internal quotation marks omitted). DFA makes no such argument.

And these materials are relevant. Plaintiffs issued Request No. 1 because the Department of Justice and state Attorneys General examined the similar competition concerns with the Asset Sale that are at issue in this case, and because DFA has argued, incorrectly, that the Department of Justice's declination to challenge the Asset Sale in the markets at issue here has some bearing on the merits of the present case. Def.'s Opp'n to Pls.' Mot. for Expedited Disc. ("DFA's Opposition"), ECF No. 25, at 12-13. The Request is sufficiently narrow because it expressly excludes documents that pertain only to areas that are not at issue in this case. Plaintiffs issued Request No. 3 seeking certain third-party communications because they bear on the same or similar competition concerns with the Asset Sale that are at issue here. It is routine for merging parties to disclose or discuss antitrust issues with investors, shareholders, partners, consultants, and others who learn of a prospective or pending deal, and Plaintiffs seek with this request only to learn what DFA[4] has told third parties about those issues. This Request is narrowly drafted like the first, as it is limited only to "potential antitrust or competition issues associated with the Asset Sale."

---

[4] Because DFA now owns almost all of Dean's books and records, this request and others also call for legacy Dean information, to the extent DFA possesses it.

Because Federal Rule of Evidence 408 is not a basis to exclude relevant documents from third-party discovery in the Fourth Circuit, Plaintiffs ask that this Court order DFA to produce any documents responsive to Request Nos. 1 and 3 that it has withheld on this basis.

II. **DFA Cannot Withhold Relevant Materials that it Produced to the Department of Justice Merely Because They Pertain to Prior Antitrust Litigation.**

DFA refuses to produce a second category of documents responsive to Request No. 1: materials DFA produced to the Department of Justice arising from the Department's interest in *In re Southeastern Milk Antitrust Litigation,* 739 F.3d 262 (6th Cir. 2014) ("*Southeastern Milk*"). DFA acknowledges that it produced to the Department of Justice certain expert reports, written discovery responses, and summary judgment materials from the *Southeastern Milk* litigation. DFA Letter at 6. But DFA contends that those materials are not relevant here and "declines" to produce them on the grounds that DFA believes that Plaintiffs are attempting to "relitigate *Southeastern Milk*."

But materials from the *Southeastern Milk* litigation are relevant to both Plaintiffs' attempted monopolization claim and the 2020 Asset Sale for several reasons, which is confirmed by the fact that the Department of Justice demanded them as part of its own antitrust review. Although the anticompetitive conduct at issue in the *Southeastern Milk* litigation—which centered around DFA's agreement to operate Dean's divested plants at a loss in exchange for supply rights to Dean's plants—is distinct from the attempted monopolization and lessening of competition in recent years at issue in Plaintiffs'

- 7 -

Case 1:20-cv-00442-CCE-JLW   Document 47   Filed 08/24/20   Page 7 of 12

complaint, the incentives and opportunity to conspire due to a 2001 Side Note and subsequent long-term supply agreements are shared. ECF No. 1, at ¶¶ 54, 58.[5]

The Side Note was conditioned on DFA's receipt of supply rights to sell raw milk to Dean for 20 years, from 2001 to 2021, or Dean would face a significant financial penalty. Compl. ¶ 47. Here, Plaintiffs allege that DFA used the Side Note to force Dean to stop buying raw milk from MDVA beginning in 2015 and continuing up to the day before the Asset Sale closed. Compl. ¶ 62. Plaintiffs further allege that DFA's exercise of market power through the Side Note in the wake of the *Southeastern Milk* settlement violated Section Two of the Sherman Act. Compl. ¶ 166. This exercise of market power also shows the anticompetitive effects wrought by DFA control over the former Dean plants' raw milk purchase decisions, which the Asset Sale makes permanent, in violation of Section 7 of the Clayton Act. Compl. ¶¶ 63, 160.

The same Side Note was at issue in *Southeastern Milk*. There, the plaintiffs alleged that DFA agreed not to use its own processing plants to compete in the processed milk business against Dean. In return, Dean agreed—in the Side Note and related milk supply agreements—to buy its raw milk from DFA. *See* 739 F.3d at 269, 272-73.

As the Department of Justice correctly determined, the materials from *Southeastern Milk* plainly bear on the issues raised by the Asset Sale and the present litigation for a number of reasons:

---

[5] Paragraph 58 of the Complaint uses the caption used by the trial court, *Food Lion et al. v. Dean Foods Co. et al.*, No. 2:07-cv-188 (E.D. Tenn.). This case was appealed to the Sixth Circuit with the caption *In re Southeastern Milk Antitrust Litigation*.

- Both cases involve the impact on competition in North and South Carolina and the surrounding area of vertical arrangements whereby DFA controls the raw milk purchase decisions of the Dean plants;

- Both cases involve the same agreement alleged to be illegal here, the Side Note, and extensive evidence was developed in *Southeastern Milk* regarding the circumstances surrounding the negotiation and execution of the Side Note;

- Extensive evidence was developed in *Southeastern Milk* regarding whether the Side Note made economic sense for Dean because it forced Dean to pay more for DFA's raw milk than it was already paying for raw milk from other sources. The Side Note did make sense, however, as the quid pro quo for DFA's agreement to cause its processed milk plants not to compete with Dean;

- The very existence of the *Southeastern Milk* litigation explains the DFA conduct challenged here. The Complaint alleges that DFA refrained from exercising its full power under the Side Note to create the artificial appearance of competition while *Southeastern Milk* was pending, and then forced Dean to stop buying raw milk from plaintiff MDVA shortly after that case settled. Compl. ¶¶ 51-54.

Further, DFA has no authority to unilaterally "decline" to produce responsive documents. DFA Letter at 6. Its allegation that Plaintiffs are "attempting to relitigate *Southeastern Milk*" is not a basis for withholding materials that are relevant to Plaintiffs' claims. The Department of Justice was correct to ask for these materials in its investigation, and Plaintiffs should have them here. DFA cannot use the Department of Justice investigation as a "sword" that it says insulates the Asset Sale from review here, DFA's Opposition at 12-13, and then "shield" Plaintiffs and this Court from seeing the same record the Department of Justice had before it.

While Plaintiffs' arguments are based on relevance, which DFA has not contested, there should be no issue of burden or proportionality here. DFA has a file of documents

- 9 -

that were produced to the Department of Justice, which investigated the same transaction at issue here. Plaintiffs are not, via the present motion, asking DFA to search for additional documents.[6] They ask only that they be permitted to litigate their case with the benefit of the full record that was given to the Department of Justice. For DFA to do so would require no more than copy a disk or hard drive.

Plaintiffs therefore respectfully ask this Court to enter an order compelling DFA to immediately produce the requested documents.


DATED: August 24, 2020

Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

*/s/ Ryan G. Rich*
A. Todd Brown, Sr., N.C. State Bar No. 13806
Ryan G. Rich, N.C. State Bar No. 37015
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
tbrown@huntonak.com
rrich@huntonak.com

Ryan P. Phair (*pro hac vice*)
John S. Martin (*pro hac vice*)
Kevin Hahm (*pro hac vice*)
Carter C. Simpson (*pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
rphair@huntonak.com

---

[6] Plaintiffs continue to negotiate with DFA over what additional files from *Southeastern Milk* exist and may be responsive to other of their first and second Requests for Production. The present motion to compel a fulsome response to Request No. 1 is without prejudice to Plaintiffs' right to request additional materials from *Southeastern Milk* that were not produced to the Department of Justice.

- 10 -

Case 1:20-cv-00442-CCE-JLW   Document 47   Filed 08/24/20   Page 10 of 12

martinj@huntonak.com
khahm@huntonak.com
csimpson@huntonak.com

*Attorneys for Food Lion, LLC*

**TROUTMAN SANDERS LLP**

*/s/ Jason D. Evans*
Jason D. Evans, N.C. State Bar No. 27808
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1502
jason.evans@troutman.com

James A. Lamberth (*pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3362
james.lamberth@troutman.com

*Attorneys for Maryland and Virginia Milk Producers Cooperative Association, Inc.*

## CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing brief complies with the word count limitations set forth in Local Rule 7.3.

August 24, 2020

                                           */s/ Ryan G. Rich*
                                           Ryan G. Rich
                                           Hunton Andrews Kurth LLP