IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| FOOD LION, LLC, AND MARYLAND AND VIRGINIA MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., <br><br> *Plaintiffs*, <br> v. <br><br> DAIRY FARMERS OF AMERICA, INC., <br><br> *Defendant*. | 1:20-CV-442 |

## <u>PROTECTIVE ORDER</u>

The Court hereby enters the following Protective Order (the "Protective Order") to prevent the inappropriate dissemination of documents and information produced in the course of discovery, which may include but is not limited to competitively sensitive and confidential information about pricing, budgets, forecasts, strategic plans, cost of production and sale, and other confidential commercial information. Good cause appearing, it is hereby **ORDERED** as follows:

1. **Scope of Order.** This Protective Order governs the use and handling of documents, electronic information in any form, testimony, interrogatory responses and other information, including all copies, excerpts, and summaries thereof (collectively, the "Material") produced or given by any defendant, plaintiff, or other individual or entity (the "Producing Party") in pre-trial proceedings in this Litigation. Material produced in this Litigation, including

without limitation Material designated as "Confidential," "Highly Confidential—Attorney's Eyes Only," or "Highly Confidential—Outside Counsel Eyes Only" under the provisions of this Protective Order, and information derived therefrom, shall be used only for the purpose of this Litigation and any related appellate proceeding, and not for any other legal proceeding, business, competitive, personal, private, public, or other purpose whatsoever.

2. **Designation of Confidential Material.** The Producing Party may designate as "Confidential" any Material that it produces in this Litigation which it believes constitutes, contains, reflects or discloses confidential, non-public research and analysis, development or commercial information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law ("Confidential Material"). The designations will be made reasonably and in good faith.

3. **Designation of Highly Confidential—Attorney's Eyes Only Material.** The Producing Party may designate as "Highly Confidential—Attorney's Eyes Only" (a) any non-public personal information or (b) any Confidential Material that a Producing Party reasonably and in good faith believes to be sensitive confidential and/or proprietary information, the disclosure of which, even if limited to those permitted to receive Confidential Material permitted under this Order, would compromise and/or jeopardize the Producing Party's business interests ("Highly Confidential--Attorney's Eyes Only Material").

4. **Designation of Highly Confidential—Outside Counsel Eyes Only Material**. The Producing Party may designate as "Highly Confidential--Outside Counsel Eyes Only" (a) any non-public personal information of a highly sensitive nature or (b) any Confidential or Highly Confidential—Attorney's Eyes Only Material that a Producing Party reasonably and in good faith believes to be information that would reveal a trade secret, proprietary formula or process, or non-public financial, competitively sensitive commercial, or strategic information, the disclosure of which, even if limited to those permitted to receive Highly Confidential—Attorney's Eyes Only Material permitted under this Order, would put the Producing Party's business interests at substantial risk of serious harm ("Highly Confidential—Outside Counsel Eyes Only Material"). This category is intended to be reserved for the most sensitive type of competitive information.

5. **Production of Documents and Other Material Containing Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.** The designation of Confidential Material, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material for the purposes of this Protective Order shall be made in the following manner:

   (a) In the case of documents produced in discovery (including electronic documents produced in TIFF or PDF form), by marking each page containing any Confidential Material with the word "Confidential," by marking each page containing any Highly Confidential—Attorney's Eyes Only Material

- 3 -

with the words "Highly Confidential—Attorney's Eyes Only," and by marking each page containing any Highly Confidential—Outside Counsel Eyes Only Material with the words "Highly Confidential—Outside Counsel Eyes Only."

(b) In the case of written discovery responses, by marking with the appropriate designation both (i) the first or cover page and (ii) each page containing Confidential, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only.

(c) In the case of electronically stored information in any form ("Electronic Data"), by designating the Electronic Data as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only in a cover letter accompanying the production of the Electronic Data. Where feasible, counsel for the Producing Party will also mark the disk, tape or other electronic media on which the Electronic Data is produced with the appropriate designation. If a Party reduces Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Electronic Data to hardcopy form, it shall mark the hardcopy with the appropriate designation. Whenever any Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—

Outside Counsel Eyes Only Electronic Data is copied, all copies shall be marked with the appropriate designation.

(d) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice sent to all counsel of record for the Parties within fifteen business days after receipt of the transcript of the deposition unless the parties agree to an extension of this time period for designation. All transcripts shall be considered Highly Confidential—Outside Counsel Eyes Only and subject to this Protective Order until expiration of that fifteen-day period. Any testimony designated Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only shall be marked and treated in the same manner as documents covered by this Protective Order. All videotapes of depositions shall be clearly labeled Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only, as appropriate pursuant to this Protective Order.

(e) No confidentiality designations need be made for documents made available for inspection and copying. If the inspecting Party selects any documents for copying, the Producing Party shall, as appropriate, mark the copies as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only in the manner set forth in subparagraph (a) before producing them to the inspecting Party. During the time between the initial inspection and the production of copies of specified

- 5 -

documents, all files and records subject to the inspection shall be treated as if they had been designated Highly Confidential—Attorney's Eyes Only pursuant to the terms of this Protective Order. Only persons who may access Highly Confidential—Attorney's Eyes Only Material, as identified in Paragraph 8, may participate in an initial inspection.

6. **Inadvertent Failure to Designate Material as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only.** The inadvertent failure to designate Material as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only shall not be deemed a waiver of a claim of confidentiality, either as to the specific information or materials disclosed, or as to any other information or materials relating thereto or on the same or related subject matter. Within ten (10) days of discovery of an inadvertent failure to designate Material as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only, the Producing Party shall provide written notification to all other parties to the Litigation of the appropriate designations and shall produce replacement copies of the Material with the appropriate designations, consistent with the requirements of Paragraph 5 of this Order (governing the manner of marking information designated under this Order). Regardless of whether replacement copies are provided, from receipt of written notification of the appropriate

- 6 -

designations, all Parties shall treat the Material in accordance with those designations.

7. **Persons Who May Access Confidential Material.** Except as provided in Paragraph 12, absent written consent from the Producing Party or unless otherwise directed by the Court, Confidential Material may be disclosed only to the following persons:

(a)     Outside counsel of record for the Parties;

(b)     In-house counsel for the Parties (including, for Maryland and Virginia Milk Producers Association, Inc., attorneys affiliated with Watkinson Miller PLLC) who are actively involved in assisting with the prosecution or defense of this Litigation;

(c)     Two designated representatives of each Party to the Litigation who are actively participating in assisting with the prosecution or defense of this Litigation;

(d)     Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

(e)     Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(f)     The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

(g)     Court reporters, videographers, stenographers, and court personnel; and

(h)     The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

8.     **Persons Who May Access Highly Confidential—Attorney's Eyes Only Material.** Except as provided in Paragraph 12, absent written consent from the Producing Party or unless otherwise directed by the Court, Highly Confidential—Attorney's Eyes Only Material may be disclosed only to the following persons:

(a)     Outside counsel of record for the Parties;

(b)     Two designated in-house counsel for the Parties (including, for Maryland and Virginia Milk Producers Association, Inc., attorneys affiliated with Watkinson Miller PLLC) who are actively involved in assisting with the prosecution or defense of this Litigation, provided that the names of such designated in-house counsel are disclosed to counsel for the Parties prior to disclosure of Highly Confidential—Attorney's Eyes Only Material;

(c)     Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

(d)     Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation,

- 8 -

and computer service personnel performing duties in relation to a computerized litigation system;

(e)     The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

(f)     Court reporters, videographers, stenographers, and court personnel; and

(g)     The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

9.     **Persons Who May Access Highly Confidential—Outside Counsel Eyes Only Material.** Except as provided in Paragraph 12, absent written consent from the Producing Party or unless otherwise directed by the Court, Highly Confidential— Outside Counsel Eyes Only Material may be disclosed only to the following persons:

(a)     Outside counsel of record for the Parties;

(b)     Outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties to assist in the preparation of this case;

(c)     Outside photocopying, graphic production services or litigation support services employed by the Parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(d)     The Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action;

(e)     Court reporters, videographers, stenographers, and court personnel; and

(f)     The direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons, provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation.

10. **Application of this Protective Order to Persons with Access to Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.**

(a)     Each person given access to Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material shall be advised that the Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than as set forth in this Protective Order.

(b)     All persons allowed access to Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material under this Protective Order shall take all necessary steps to insure that access to such Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to the Material. To the extent that a person

- 10 -

allowed access to Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material creates, develops, establishes, or otherwise maintains, on any computer, network, disk, tape, or other device, any information, files, databases or programs that contain Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material, such person shall take all necessary steps to insure that access to any such Material is restricted to those persons who, by the terms of this Protective Order, are allowed access to the Material.

(c)     Before any person described above in Paragraphs 7(d), 8(c), or 9(b) is given access to Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material, that person must read and agree in writing, by signing an acknowledgment in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

(d)     Before any other person described in Paragraphs 7, 8 or 9 is shown any Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only that person must be shown a copy of this Protective Order and instructed that he or she is bound by its provisions. This requirement does not apply to outside counsel of record for the

- 11 -

Parties or to the Court in this action or any court hearing an appeal from a judgment or order rendered by the Court in this action.

11. **Filing Documents Containing Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.** The parties will enter into a separate Stipulated Supplemental Protective Order regarding the filing of Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.

12. **Use of Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material at Depositions.** Counsel for any Party wishing to use Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material to any person whose testimony is taken, or scheduled to be taken, in this action and who is a current employee of the Producing Party or whom counsel for the examining or preparing party reasonably believes in good faith to have authored or previously received or reviewed such Material in the course of business. In addition, to the extent the Material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the Material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the Material. Prior to showing any such Material to the witness who is not a current employee of the Producing Party, counsel must obtain the witness's affirmation, by signing an acknowledgment in the form

attached hereto as Exhibit B or through sworn testimony on the record, that the witness has reviewed the Protective Order, agrees to be bound by its provisions (including that the witness may not disclose the information to anyone and may not use the information for any purpose other than in connection with testimony in this action), understands that breach of this Protective Order could subject the witness to sanctions or damages, and consents to the jurisdiction of this Court for purposes of any action instituted for the breach of this Protective Order.

13. **Use of Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material at Trial or Hearing.** The restrictions, if any that will govern the use of Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material at trial or hearings will be determined at a later date by the Court, in consultation with the Parties.

14. **Privileged Material.** The handling of privilege materials shall be governed by a separate Rule 502(d) Order.

15. **Redaction of Documents.** The Parties agree that any party may redact documents on the basis of:

   (a) any applicable legal privilege; or

   (b) to protect confidential personal information that is not relevant to any issue in this litigation, including but not limited to information regarding account numbers, account balances, social security numbers, or other personally-identifiable information.

- 13 -

16. **Removal of Confidential, Highly Confidential—Attorney's Eyes Only**, **or Highly Confidential—Outside Counsel Eyes Only Designation.** A Party shall not be obligated to challenge the propriety of the confidentiality designation of any material under this Protective Order at the time the designation is made, and failure to do so shall not preclude a subsequent challenge thereto. Any Party may object to the designation of any Material as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only by giving written notice to counsel for the Producing Party (or to the Producing Party directly if no counsel has appeared on its behalf) that it objects to the designation. Such notice shall specifically identify the Material at issue and state the reasons for questioning the confidentiality designation. Within ten (10) business days after such notice, the Objecting and Producing Party shall confer in good faith to attempt to resolve any such dispute. If the Parties are unable to resolve the dispute, the Objecting Party may apply to the Court for a ruling that the Material is not appropriately designated, giving notice to the Producing Party. If such a motion is made, the Producing Party will have the burden to establish that the designation is proper. Until the Court rules on the motion, the documents shall be treated as Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only, as originally designated.

Any motion filed under this paragraph 16 shall be accompanied by a brief containing no more than 3,125 words. The Producing Party's responsive brief shall be filed within 14 days and contain no more than 3,125 words. A reply brief will not be permitted absent leave of Court. The moving Party shall file the challenged Material

- 14 -

under seal in accordance with the provisions of the Stipulated Supplemental Protective Order regarding sealing.

17. **Preservation of Objections to Discovery.** Nothing in this Protective Order shall prevent any Party from objecting to discovery that it believes is improper.

18. **Modification of the Protective Order.** This Protective Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders.

19. **Copy of Protective Order Must Be Served With Any Subpoena.** When serving any subpoena in this Litigation on a non-party to the Litigation, a copy of this Protective Order shall be included with the subpoena.

20. **Third Party Requests for Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.** If any person receiving Material covered by this Protective Order is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Material covered by this Protective Order, and such subpoena, document demand, or request seeks Material which was produced or designated as Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material by any Producing Party, counsel to the person receiving the subpoena, document demand, or request shall give written notice within two (2) business days of said counsel receiving notice of service of the subpoena to counsel for the Producing Party and shall, to the extent permitted by law, withhold production of the

- 15 -

Material until any dispute relating to the production of such Material is resolved, and in any event no Material of a Producing Party shall be produced earlier than five (5) business days after delivering written notice to counsel for the Producing Party of an intent to produce.

21. **Intentional or Inadvertent Unauthorized Disclosure of Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.** If any person subject to this Protective Order becomes aware that he or any other person has, either intentionally or inadvertently, disclosed Confidential Material, Highly Confidential—Attorney's Eyes Only Material, , or Highly Confidential—Outside Counsel Eyes Only Material to someone not authorized to receive such Material under this Protective Order, counsel of record for the Party involved shall immediately inform the Producing Party's counsel of record about the unauthorized disclosure, and also shall use his or her best efforts to obtain the return of all improperly disseminated copies of the Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only and to prevent any further improper dissemination of the same.

22. **Court Retains Jurisdiction.** This Protective Order shall survive the termination of this litigation. This Court expressly retains jurisdiction over this action for

- 16 -

enforcement of the provisions of this Protective Order following the final resolution of this Litigation.

23. **Return or Destruction of Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material.** Within sixty (60) days of the termination of this action, including the exhaustion of all appeals, all Confidential Material, Highly Confidential—Attorney's Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material supplied by any Producing Party, including any copies thereof, as well as any summaries, notes, extracts, compilations, drawings, or other documents containing Confidential, Highly Confidential—Attorney's Eyes Only, or Highly Confidential—Outside Counsel Eyes Only Material, shall be returned to the Producing Party or shall be destroyed and their destruction certified in writing unless otherwise agreed in writing by the parties; provided, however, that there shall be no obligation to return or destroy Materials to which a Party had access prior to production of such Materials in this Litigation. A copy of the written certification shall be provided to the Producing Party. It is further provided that for each Party, outside counsel of record may retain one complete and unredacted set of its work product that contains designated Material as well as pleadings and papers filed with the Court or served on the other Parties, deposition transcripts and exhibits thereto, and any trial or hearing testimony and exhibits thereto.

24. **Parties May Use Their Own Confidential, Highly Confidential—Attorney's Eyes Only, and Highly Confidential—Outside Counsel Eyes Only**

- 17 -

**Documents.** Nothing in this Protective Order shall preclude any Party or its counsel from (a) showing information or materials designated under this Protective Order to an individual who either prepared or reviewed the document prior to the filing of the Litigation; or (b) from disclosing or using, in any manner or for any purpose, any information or materials from the party's own files that the party itself has designated under this Protective Order.

25. **Parties May Consent to Disclosure.** Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party that designated the materials or information consents in writing to such disclosure, or if a Court orders such disclosure.

26. **Materials Otherwise Disclosed.** This Protective Order shall not be construed to apply to any information or materials that: (a) are available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the receiving party at the time of disclosure and were not subject to conditions of confidentiality; or (c) a receiving party can demonstrate were developed by that receiving party independently of any disclosure by a designating party or nonparty.

This the 31st day of August, 2020.

UNITED STATES DISTRICT JUDGE

- 18 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:20-CV-402

|  |  |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., | |
| *Plaintiffs*, | |
| v. | |
| Dairy Farmers of America, Inc., | |
| *Defendant*. | |

**ACKNOWLEDGMENT**

I hereby certify my understanding that Material designated "Confidential," "Highly Confidential—Attorney's Eyes Only," or "Highly Confidential—Outside Counsel Eyes Only" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Middle District of North Carolina, Greensboro Division, on _____ (the "Protective Order''). I have read and understand the terms of the Protective Order, I agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Middle District of North Carolina for the purposes of enforcement of the Protective Order.

- 19 -

Date: _____          Signature: _____

                                   Name: _____

**EXHIBIT B**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:20-CV-442

| | |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., | |
| *Plaintiffs*, | |
| v. | |
| Dairy Farmers of America, Inc., | |
| *Defendant*. | |

**ACKNOWLEDGMENT**

I hereby affirm, under oath, my understanding that Material designated "Confidential," "Highly Confidential—Attorney's Eyes Only," or "Highly Confidential—Outside Counsel Eyes Only" is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this action by the United States District Court for the Middle District of North Carolina, Greensboro Division, on _____ (the "Protective Order"). I have read and understand the terms of the Protective Order, including terms that provide that I will not disclose such Material to anyone or use such Material for any purpose other than in connection with my testimony in this matter. I agree to be fully bound by the provisions of such Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the

Middle District of North Carolina for the purposes of enforcement of the Protective Order. I further acknowledge and understand that any breach of the Protective Order may be punished pursuant to the contempt powers of the Court and could result in an action against the undersigned for any damages caused by any such breach.


Date: _____          Signature: _____

                                     Name: _____