IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| FOOD LION, LLC, AND MARYLAND AND VIRGINIA MILK PRODUCERS COOPERATIVE ASSOCIATION, INC., | |
|---|---|
| *Plaintiffs*, | 1:20-CV-442 |
| v. | |
| DAIRY FARMERS OF AMERICA, INC., | |
| *Defendant*. | |

## **RULE 502(d) ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties have entered into a Protective Order concerning the handling and use of Confidential, Highly Confidential—Attorney's Eyes Only, and Highly Confidential—Outside Counsel Eyes Only Material ("Protected Materials") in this action. That Protective Order does not address procedures for filing motions or other documents under seal or otherwise lodging those Protected Materials on the Court record. As set forth in the Court's Standard Preliminary Order for All Civil Cases, "[t]he Court discourages motions to seal, especially in connection with motions, unrelated to discovery disputes, as the public has a strong interest in access to court records and courts have a strong interest in transparency." With these interests in mind, the parties stipulate and the Court orders the parties to follow these additional procedures:

**(1) THE TERMS OF THIS ORDER TAKE PRECEDENCE.**

While the Protective Order is intended to be consistent with this Supplemental Protective Order, to the extent they are inconsistent, this Supplemental Protective Order controls. Any item or document submitted to the Court in violation of this Order is subject to being stricken.

**(2) NOTHING MAY BE FILED UNDER SEAL WITHOUT A COURT ORDER.**

The parties may not file any pleading, motion, brief or exhibit or part thereof under seal without obtaining separate approval from the Court, except as authorized by these procedures. To the extent these procedures are inconsistent with Local Rule 5.4 or this Court's Standard Preliminary Order, these procedures control.

The parties are directed to minimize the amount of material that they seek to file under seal and to exclude confidential information from court filings unless directly relevant to the issue to be considered. The parties have discussed the issues of confidentiality raised in this case and the potential need for filing documents under seal. At this time, the parties anticipate that a number of documents may need to be filed under seal.

**(3) PROCEDURES FOR FILING DOCUMENTS UNDER SEAL**

To the extent any documents are filed under seal, the parties agree and the Court directs the parties to utilize the following procedures:

(a) **Sealing is Disfavored.** Sealed documents should not be filed unless necessary for determination of the matter before the Court. If only non-confidential

portions of a document are necessary, only those portions should be filed, immaterial portions should be redacted, and no motion to seal should be filed.

(b) **Motion To Seal and Evidentiary Support Required.** Except as provided in Sections (3)(e) and (3)(f), documents will not be sealed absent a motion to seal and an order of the Court. Motions to seal must:

(1) contain a non-confidential description of what is to be sealed,

(2) be filed on the public docket, and

(3) be supported by a sufficient showing by the party seeking confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support, including affidavits or declarations, and with citation to any supporting statutes, case law, or other authority. If confidential information needs to be discussed or provided to make this showing, a sealed supplement to the motion to seal may be filed separately. This showing also must address the length of time for which sealing is sought.

(c) **Detailed Procedures for Motions to Seal**. Motions to seal must be filed in accordance with the following procedures:

(1) If a party seeks to file documents or portions of documents under seal, the party must file a public motion to seal as required in Sections (3)(b)(1)-(3). A brief is not required.

(2) If the filing party is the party claiming confidentiality, the materials required in Sections (3)(b)(1)-(3) must be filed with the motion. If the filing party is not

3

the party claiming confidentiality, the materials required in Sections (3)(b)(1)-(3) must be filed by the party claiming confidentiality within fourteen (14) days of the motion to seal, and the filing party must meet and confer with the party claiming confidentiality as soon as practicable, but at least two (2) days before filing of such documents, to discuss narrowing the claim of confidentiality. The motion to seal must certify that the required conference has occurred, and the party claiming confidentiality must file supporting materials pursuant to the default procedures set forth above within fourteen (14) days of the motion to seal. Any opposition or objection to sealing by a party must be filed within fourteen (14) days of the filing of the supporting materials required by Sections (3)(b)(1)-(3). Failure to file these supporting materials will result in denial of the motion to seal and unsealing of the materials without further notice.

    (3)    The movant must, within three (3) days of filing the motion to seal:

        (i)    submit a completed Checklist (Exhibit A) to this Court's ECF mailbox; and

        (ii)    if more than three documents are subject to the motion to seal, file a summary chart (Exhibit B).

    (4)    A party filing a motion to seal may elect to have the underlying documents withdrawn if the motion to seal is denied and no other party has relied upon the documents, in which case the documents will not be considered by the Court. Any such election must be included in the initial motion to seal, and if the motion to seal does not include such an election, the documents will be unsealed if the motion to seal is denied.

4

Case 1:20-cv-00442-CCE-JLW   Document 51   Filed 08/31/20   Page 4 of 10

(d)     **Temporary Filing of Sealed Documents.**  Until the Court rules on the motion to seal, the underlying documents shall be filed under temporary seal.  To provide clarity on the CM/ECF docket, the party filing documents under seal must file two complete sets of documents, one public and one under temporary seal, as follows:

(1)     The public set of the underlying documents shall be filed as a single docket entry, with the primary document (i.e., motion, brief, complaint) filed as the main docket entry and each supporting document filed as an attachment to the main docket entry.  Information sought to be sealed shall be redacted.  If an attachment is sealed in its entirety, there must be a placeholder so indicating.

(2)     The full, unredacted version of the underlying documents shall be filed under temporary seal in a single docket entry, with the primary document (i.e., motion, brief, complaint) filed as the main docket entry and each supporting document filed as an attachment to the main docket entry, with the information sought to be sealed highlighted.

(3)     Upon request of the Clerk, the party seeking to seal shall provide a judge's copy of the complete unredacted document, with the redacted part clearly highlighted, to facilitate review.

(e)     **Discovery Motions.**  Because discovery materials are not usually subject to a public right of access, no motion to seal is required for discovery motions and related briefing; but the filer must file a public version and a sealed version consistent with Sections (3)(d)(1)-(3).  In addition, the filer must include a certification signed by counsel outlining the basis for the claim of confidentiality for each item filed under seal, or noting

that the materials filed under seal were designated by another party as confidential. For material designated by another party as confidential, the party claiming confidentiality must file a certification within fourteen (14) days of the filing of the sealed documents, outlining the basis for the claim of confidentiality for each item. Failure to file a certification within fourteen (14) days will result in unsealing of the materials without further notice. Filings pursuant to this subsection are subject to motions to lift the seal and to *sua sponte* review by the Court. The Court may lift the seal as to some or all of the information if such sealed filings are overbroad or are otherwise inappropriate.

(f) **Exceptions.** No motion is required to file the following under seal:

(1) Documents for which sealing is provided by a governing statute, rule, or order, but in that case the face of the document should specifically note the statute, rule, or order providing for sealing, and the CM/ECF filer shall provide public notice by stating in the docket entry that the document contains sealed material pursuant to the specified statute, rule, or order.

(2) Financial Affidavits of individuals seeking representation of an attorney at government expense under the Criminal Justice Act;

(3) Motions for issuance of criminal subpoenas;

(4) Motions to seal indictments and for issuance of corresponding arrest warrants;

(5) Motions for leave to subpoena witnesses at Government expense under the Criminal Justice Act;

(6) Motions for issuance of writs of habeas corpus ad testificandum;

6

(7) Motions filed pursuant to Section 5K1.1 of the United States Sentencing Guidelines for a downward departure;

(8) Motions filed pursuant to 18 U.S.C. § 3553(e) for authority to impose a sentence below a statutory minimum;

(9) Motions filed pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure to reduce a sentence for substantial assistance;

(10) Motions and pleadings identifying national security information;

(11) Motions filed pursuant to 18 U.S.C. § 4241 for determination of mental competency to stand trial and pursuant to 18 U.S.C. § 4242 for determination of the existence of insanity at the time of the offense;

(12) Administrative records in Social Security cases;

(13) Presentence Investigation Reports, Position Papers Regarding Sentencing Factors, and other sentencing memorandums pursuant to Local Criminal Rule 32.2; and

(14) Unexecuted criminal summonses or warrants.

**(4) EVIDENCE AT TRIAL REQUIRES A SEPARATE MOTION AND ORDER TO BE SEALED.**

To seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other court proceedings, the party must make a separate motion before the court conducting the proceedings and provide sufficient justification for sealing.  Likewise, to seal any portion of a transcript of a court proceeding, the party must file a separate motion to seal before the court that conducted the proceeding.

7

**(5) SEALING DOCUMENTS OR RESTRICTING ACCESS IN PROCEEDINGS BEFORE ANY OTHER COURT MUST BE ADDRESSED UNDER THE RULES OF THAT COURT.**

If the parties later proceed before any other court, including appeals in this case, they must follow the rules of that court as to sealing or restricting access to documents.

**(6) THE PROTECTIVE ORDER AND THIS SUPPLEMENTAL ORDER MAY NOT BE MODIFIED WITHOUT LEAVE OF COURT.**

This order and the Protective Order may not be modified by agreement of the parties. Orders may be modified only with leave of Court on a motion of the parties.

**(7) ALL SEALED DOCUMENTS SHALL BE DISPOSED OF PURSUANT TO L.R. 79.4.**

L.R. 79.4 provides for disposition of documents filed with the Court. That rule will control sealed documents unless otherwise ordered at the conclusion of the case.

This the 31st day of August, 2020.

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**Checklist**

_____ Public Version filed with redactions noted (Doc. #_____)

_____ Sealed Version filed with all attachments included (Doc. #_____)

_____ Sealed Version is <u>highlighted</u> to show what was redacted

_____ Public Motion to Seal is filed (Doc. #\_\_\_\_) with a non-confidential description of what is to be sealed and

 \_\_\_ a sufficient showing as to why sealing is necessary and why less drastic alternatives to sealing will not afford adequate protection, with evidentiary support including affidavits; or

 \_\_\_ a statement that another party claims confidentiality

_____ Supplement to Motion to Seal

 \_\_\_ was filed under seal (Doc. #\_\_\_\_) to discuss confidential information in order to make the requisite showing

 \_\_\_ was not necessary

_____ Does the Motion include an election to have the underlying documents withdrawn if the Motion to Seal is denied?

 \_\_\_\_ Yes      \_\_\_No

_____ Summary Chart (Exhibit B)

 \_\_\_ is not required because three or fewer documents are subject to the motion to seal; or
 \_\_\_ has been filed because four or more documents are subject to the motion to seal.

Case 1:20-cv-00442-CCE-JLW Document 51 Filed 08/31/20 Page 9 of 10

# EXHIBIT B

**Summary Chart**

| Docket No. of Public Version | Docket No. of Sealed Version | Description of Document | Party (or non-party) designating as confidential | Length of time to be sealed | Any disagreement as to sealing? | Basis for Sealing[1] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

[1]This explanation should be short, with a more detailed explanation and supporting materials provided separately as required above in Section (2)(c)(2). A non-exhaustive list of examples includes:

1. reveals trade secrets of a party (or non-party)
2. reveals proprietary business methods of a party (or non-party)
3. confidential financial records
4. confidential personal health information
5. contains confidential personnel information regarding other employees of defendant
6. reveals information regarding a minor
7. contains information ordered sealed by the court on DATE [Docket No. XX]