# Exhibit 2



Womble Bond Dickinson (US) LLP

One West Fourth Street
Winston-Salem, NC 27101

t: 336.721.3600
f: 336.721.3660

Brent F. Powell
Direct Dial: (336) 728-7023
Direct Fax: (336) 726-9023
Email: brent.powell@wbd-us.com

August 18, 2020

A. Todd Brown, Sr.
Ryan G. Rich
Hunton Andrews Kurth LLP
N.C. State Bar No. 37015
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280

Ryan P. Phair
John S. Martin
Kevin Hahm
Carter C. Simpson
Hunton Andrews Kurth, LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Jason D. Evans
Troutman Sanders LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202

James A. Lamberth
Troutman Sanders LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308

Re: *Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc. v. Dairy Farmers of America, Inc.*; NCMD 1:20-cv-442

Counsel,

We write in regard to Plaintiffs' Combined Second Set of Requests for Production (the "Second Set") served on July 29, 2020, and request a meet-and-confer regarding the same.

DFA has significant concerns about the Second Set, which contain an additional 46 requests for production, for a total of 54 production requests served to date. That is an extraordinary number of requests in any litigation, but is especially problematic given the expedited discovery schedule in this case and Plaintiffs' representations to the Court that they would take a measured

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



and reasonable approach to discovery. Rather than propound narrowly-tailored requests that seek specific categories of documents and information in follow-up to their initial document requests, Plaintiffs chose instead to serve broad-based, kitchen-sink style discovery. That approach is contrary to the scope of discovery permitted by Rule 26 of the Federal Rules of Civil Procedure, the spirit of the Court's scheduling order, and the Court's guidance to the parties. DFA has serious concerns about the breadth of Plaintiffs' requests and the associated burden of responding to those requests. Below are just a few examples of Plaintiffs' overbroad and/or irrelevant requests:

- Eight requests seek "all" documents and communications on the following "topic": "Dean, the Asset Sale, the Side Note, the DFA-Dean Supply Agreement(s), *or the sale or purchase of raw or fluid milk* in the Relevant Area" (emphasis added). As drafted, these requests seek *everything* about Dean. Moreover, they seek *everything* from a nearly five-state area about raw or fluid milk – a shockingly overbroad "topic", as DFA is a cooperative in the business of buying raw milk and selling raw and fluid milk. The same issues exist regarding the promissory note. Plaintiffs appear to be seeking broad discovery related to a decades-old promissory note, including drafts, negotiation documents, and beyond.

- RFP No. 15 seeks, *inter alia*, every calendar entry relating to the sale of raw milk between Dean and DFA. Similarly, RFP No. 16 asks for "all expense reports, travel reports and itineraries concerning or relating to meetings between DFA and Dean regarding the Asset Sale or any actual or proposed transaction involving Dean." We fail to see how such information has any relevance to any claim or defense in this matter.

- Although the parties previously negotiated a time period of January 1, 2017 to July 31, 2020, eight requests seek documents *outside* this time period, and in some cases double it. RFP No. 43 provides a striking example of the overbreadth of these requests, as it seeks ""all documents created since January 1, 2014, concerning or relating to *communications between DFA and any MDVA farmer members*." (emphasis added). Read literally, this request requires (1) the identification of "any MDVA" farmer and (2) a search over a six-and-a-half-year period for any documents *referencing* communications with them. Similarly, RFP No. 27 seeks "[a]ll documents created since January 1, 2014, concerning or relating to MDVA, its farmer members, or any other non-DFA producer of raw milk in the Relevant Area. As such, this request seeks every document related to any non-DFA farmer for the same six-and-a-half-year period.

- Several of Plaintiffs' requests seek information outside the geographic region previously negotiated by the parties, and seemingly have no relevance to this litigation. RFP No. 40, for example, seeks information



dating back to January 1, 2016 regarding Cumberland Dairy in New Jersey. RFP Nos. 41 and 42 seek information, again going all the way back to January 1, 2013, regarding Kentucky and the entirety of Tennessee, even though FO 5 covers only 33 of Tennessee's 95 counties.

- Some of the requests, such as RFP Nos. 49 and 50, seek information that is plainly protected by attorney-client privilege or work product.

This letter is not meant to provide an exhaustive review or chronicle all of DFA's objections or concerns. Although DFA's written response are not due until August 27, 2020, we request a meet-and-confer as soon as possible. We further request that Plaintiffs be prepared at that meet-and-confer to discuss each of the Second Set in detail, including how the information sought is allegedly relevant to Plaintiffs' specific allegations in this case regarding supposed market foreclosure in North and South Carolina, and that Plaintiffs be prepared to withdraw and/or narrow a significant number of requests.

Please let us know your availability.

Sincerely,

WOMBLE BOND DICKINSON (US) LLP

Brent F. Powell

cc: W. Todd Miller
    Amber McDonald