IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Dairy Farmers of America, Inc., <br><br> Defendants. | Case No. 1:20-cv-00442 |

## DECLARATION OF AMBER L. MCDONALD

I, Amber L. McDonald, declare as follows:

1. I do swear and affirm that I am more than 18 years of age, that I am of sound mind, and that I am otherwise competent to give this Declaration.

2. I am counsel for Dairy Farmers of America, Inc. ("DFA"), in the above-captioned action.

3. This declaration is based on my personal knowledge and/or my review of correspondence and documents produced in this case.

4. I previously submitted a Declaration in this case on August 31, 2020, filed at ECF Docket No. 53.

5. DFA produced over 14,000 documents to the United States Department of Justice ("DOJ") and several state Attorneys General in

1

connection with their review of DFA's proposed purchase of assets from Dean Foods (the "Asset Sale").

6. To identify documents responsive to RFP No. 1, DFA ran 132 search terms against the productions to the DOJ and state Attorneys General (the "DOJ Productions"). After using the search terms, the resulting documents were reviewed. DFA identified over 2,500 documents related to raw milk or fluid milk produced or sold in the parties' agreed-upon relevant area in the DOJ Productions and produced these on July 17, August 20, and August 31, 2020, totaling over 18,000 pages. These productions were made before the parties finalized their negotiations for a protective order and ESI protocol.

7. From the DOJ Productions, DFA has withheld approximately 11,000 documents as not responsive (as they do not relate to the agreed-upon relevant geographic market). In addition, it has identified—and withheld— one non-privileged document relating to the relevant area constituting a settlement communication between DFA and the Department of Justice. Finally, DFA has withheld 32 documents related to the Southeastern Milk litigation.

8. In response to the DOJ Investigation, DFA objected to the DOJ's *Southeastern Milk* litigation request, but produced thirty-two (32) documents,

consisting only of expert reports, DFA's responses to requests for admission and interrogatories, and summary judgment materials.

9. To respond to RFP No. 3, DFA is collecting custodian emails, applying search terms, and reviewing the resulting documents to identify documents responsive for production. DFA has identified six custodians as reasonably likely to have responsive, non-duplicative documents and has applied 71 search terms. DFA began this process on July 3, 2020, even though Plaintiffs did not initiate discussions regarding document custodians and search terms until nearly two months later. DFA made a production of documents responsive to RFP No. 3 on September 4, 2020.

### *Southeastern Milk*

10. *In re: Southeastern Milk Antitrust Litigation* ("*Southeastern Milk*") refers to two antitrust cases filed in 2007 and consolidated in the Eastern District of Tennessee in 2008 as MDL No. 1899 (Master File No. 2:08-MD-1000). The case had a significantly large geographic market that overlapped two Federal Milk Marketing Order regions representing fourteen states (the states of Alabama, Arkansas, Georgia, Mississippi, Louisiana, North Carolina, South Carolina, and Tennessee, and parts of Florida, Kentucky, Indiana, Missouri, Virginia, and West Virginia). The case file was closed in 2018, after a decade of litigation, more than 2,000 docket entries, and more than 150

depositions. The resolution of the case included, in part, a settlement class of certain dairy farmers and a settlement with retailers, that included Food Lion.

11. At the time the *Southeastern Milk* litigation was filed, DFA had ownership interest in plants in North and South Carolina, but these were sold in 2009 with Grupo Lala's purchase of National Dairy Holdings.

12. The protective order in the *Southeastern Milk* litigation requires DFA to give notice to the party who originally produced or filed any materials as confidential before such materials can be disclosed to any third party. Here, I have been personally involved in the process to notice entities. In some cases, entities that were involved in the litigation no longer exist. In other cases, entities and individuals have moved or changed their representation. Indeed, even some of the attorneys who were involved in this decade-old matter are now deceased. As of the date of this Declaration, some entities and individuals have stated that they do not consent to the production of their documents in this litigation and others have expressed concern that the protective order in this litigation does not contemplate protections for other litigations. I have been unable to reach certain other entities and individuals to obtain their consent or objection to the production of the *Southeastern Milk* litigation materials.

***Exhibits***

13. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiffs' First Requests for Production.

14. Attached hereto as **Exhibit 2** is a true and correct copy of DFA's Responses and Objections to Plaintiffs' First Requests for Production (July 17, 2020).

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 8, 2010.

*/s/ Amber L. McDonald*
Amber L. McDonald
