# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> Dairy Farmers of America, Inc., <br><br> *Defendant*. | Case No. 1:20-cv-00442 |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
## PURSUANT TO COURT'S JUNE 10, 2020 ORDER

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Court's Order dated June 10, 2020, Plaintiffs Food Lion, LLC, and the Maryland and Virginia Milk Producers Cooperative Association, Inc., by and through undersigned counsel, hereby request that Defendant Dairy Farmers of America, Inc. produce the documents and things herein requested at the offices of Hunton Andrews Kurth LLP, 2200 Pennsylvania Ave. NW, Washington, DC 20037, at such time as may be agreed upon by counsel or ordered by the Court, but no later than the minimum time frame specified in Rule 34(b)(2). Each Request is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

1. "Dairy Farmers of America, Inc.," "DFA," "Defendant," "You," or "Your" means and includes Defendant Dairy Farmers of America, Inc., and its current and former predecessors, wholly-owned or controlled subsidiaries or affiliates, other subsidiaries or affiliates, successors, parents, departments, divisions, and joint ventures; any organization or entity managed or controlled thereby, including those merged with or acquired; together with all present and former directors, officers, employees, agents, attorneys, representatives, or anyone acting on behalf of any of the foregoing. Requests directed to "Dairy Farmers of America, Inc.," "DFA," "Defendant," "You," or "Your," shall encompass those legacy Dean books, records, documents, communications, information, and other materials that have been sold or transferred to or are otherwise in the possession, custody, or control of Defendant Dairy Farmers of America, Inc.

2. "Dean" means and includes Dean Foods Company, a corporation organized under the laws of the State of Delaware, and its current and former predecessors, wholly-owned or controlled subsidiaries or affiliates, other subsidiaries or affiliates, successors, parents, departments, divisions, and joint ventures; any organization or entity managed or controlled thereby, including those merged with or acquired; together with all present and former directors, officers, employees, agents, attorneys, representatives, or anyone acting on behalf of any of the foregoing.

3. "Kroger" means and includes the Kroger Company, and its current and former predecessors, wholly-owned or controlled subsidiaries or affiliates, other subsidiaries or affiliates, successors, parents, departments, divisions, and joint ventures;

any organization or entity managed or controlled thereby, including those merged with or acquired; together with all present and former directors, officers, employees, agents, attorneys, representatives, or anyone acting on behalf of any of the foregoing.

4. "Asset Sale" means the transaction consummated on May 1, 2020, whereby Dean sold substantially all of its assets, including the sale of the assets, rights, interests and properties relating to forty-four of Dean's milk processing facilities to DFA. *See* Business Wire, "Dean Foods Completes Sale of Assets to Dairy Farmers of America" (May 1, 2020), *available at* https://deanfoodsrestructuring.com/wp-content/uploads/2020/05/Dean-Foods-Completes-Sale-of-Assets-to-Dairy-Farmers-of-America.pdf.

5. "Bid" means any information on actual or proposed terms of sale or purchase of raw or processed milk, including without limitation prices, costs, volumes, and other terms. Where available, bid costs shall be broken down by category (e.g., material costs, transportation costs).

6. "Processed fluid milk" shall have the meaning ascribed to that term in ¶¶ 10 and 17 of the Complaint in the above-captioned case, ECF No. 1.

7. "Raw milk" shall have the meaning ascribed to that term in ¶¶ 9 and 12-13 of the Complaint in the above-captioned case, ECF No. 1.

8. "Relevant geographic region" shall have the meaning ascribed to that term in ¶ 21 of the Complaint in the above-captioned case, ECF No. 1, and/or such region that Defendant DFA contends may be the relevant geographic region, whichever is broader.

9. "Side Note" refers to the contingent, subordinated promissory note entered into between Dean Foods Company and DFA in 2001 with the original principal amount

of $40 million, and all related addendums, amendments, supplements, or extensions. *See* Dean Foods, FY 2019 Form 10-K, at 39 (Mar. 20, 2020), *available at* https://ir.deanfoods.com/node/23006/html.

10. "Communication" or "Communicated" means, without limitation, any exchange of thoughts, messages, or information, as by speech, signals, writing, or behavior, including but not limited to, any advice, advisement, announcement, articulation, assertion, contact, conversation, written or electronic correspondence, declaration, discussion, dissemination, elucidation, expression, interchange, memoranda, notes, publication, reception, revelation, talk, transfer, transmission, or utterance. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

11. "Document(s)" shall have the broadest meaning ascribed by Rule 34(a) of the Federal Rules of Civil Procedure, and shall be construed to include, without limitation, electronically stored information.

12. "Electronically stored information" shall have the broadest meaning ascribed by Rule 34(a) of the Federal Rules of Civil Procedure.

13. "Person(s)" means and includes all individuals and entities and shall be deemed to include natural persons, firms, partnerships or any variations thereof (e.g. limited partnerships, limited liability partnerships), limited liability companies, proprietorships, businesses, associations, organizations, joint ventures, corporations, and any other groups or forms of legal entities existing under the laws of the United States, any state, or any foreign country.

14. "Structured Data" refers to any data or database that resides in a fixed field within a record or file, such as data stored in Oracle, SQL, or files that are in Columns/Rows or a fixed field with a predefined format.

15. As used herein, the singular of any word or phrase includes the plural and the plural of any word or phrase includes the singular.

16. As used herein, "and" and "or" shall be read interchangeably and construed either conjunctively or disjunctively to give the broadest possible meeting to a particular request in which either or both is used.

17. As used herein, "including" is used to emphasize certain types of documents requested, should not be construed as limiting the request in any way, and therefore means "including, but not limited to," or "including without limitation."

18. As used herein, "concerning," "relating to," "referring to," "regarding," or "with respect to" mean without limitation the following concepts: concerning, constituting, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part, directly or indirectly.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for these Requests is January 1, 2017 through the date of Your response.

2. Pursuant to Fed. R. Civ. P. 34(b), all documents produced in response to these Requests should be organized and labeled to correspond to the associated Request.

3.      You should produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Each and every draft of a document is a separate document for purposes of these Requests. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately.

4.      Unless otherwise specified or agreed, please produce all documents in native file format. All electronically stored information and/or Structured Data should be produced in electronic, machine-readable form, together with sufficient documentation of variable names and descriptions and any other information necessary to interpret and perform calculations on such data.

5.      These Requests require You to produce all responsive documents that are in Your actual or constructive possession, custody, or control within the meaning of Federal Rule of Civil Procedure 34(a)(1). If any Request calls for responsive documents that are not in Your possession or subject to Your control or ascertainable by You upon reasonable inquiry, then where known, please identify the custodian or possessor of such information.

6.      If any Request cannot be responded to in full, please respond to the extent possible, state the reasons why it cannot be completely responded to, and provide whatever information is available concerning the unresponded-to portion. If documents responsive to a Request may become available in the future, please state when and which such documents will be available, if known.

7. To the extent that You object to any part of a Request, please produce documents responsive to so much of each Request and each part thereof as is not objectionable in Your view and separately state that part of each Request as to which You raise the objection and the ground for each such objection.

8. If, in responding to the Requests, You encounter any ambiguity in construing a Request, or a definition or instruction relevant to the inquiry contained therein, please set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding to the Request.

9. Any request for Structured Data should be produced in the most disaggregated form in which it is kept in the regular course of business. Structured Data should be produced in a comma-delimited text file (e.g., a file with a file extension of .csv or .txt), or such other format as the parties may agree.

10. When a responsive document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, please indicate clearly the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, please identify as to each document the reason for the redaction or alteration. Any redaction must be clearly visible on the redacted document.

11. These Requests are deemed to be continuing in nature and require such supplementary productions as may be necessary to their continuing completeness in accord with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**Request No. 1**: All documents previously produced by DFA or Dean to the U.S. Department of Justice and/or state Attorneys General in connection with their investigation(s) and review(s) of the Asset Sale, excluding any documents that relate exclusively to milk processing plants outside of the relevant geographic region.

**Request No. 2**: All documents previously produced by DFA or Dean, as well as any deposition transcripts or filings, in connection with the bankruptcy proceedings in *In re: Southern Foods Groups, LLC, et al.*, No. 19-36313 (Bankr. S.D. Tex.), excluding any documents that relate exclusively to milk processing plants outside of the relevant geographic region.

**Request No. 3**: All communications between DFA on the one hand and any third party on the other, including Dean, regarding potential antitrust or competition issues associated with the Asset Sale, excluding any documents that relate exclusively to milk processing plants outside of the relevant geographic region.

**Request No. 4**: All documents reflecting DFA's actual or contemplated business plans or analyses concerning or relating to the supply of raw or processed milk in the relevant geographic region during the relevant time period.

**Request No. 5**: Without regard for the time period identified above, the Side Note and any drafts, attachments, exhibits, supplements, modifications, or addendums thereto, including but not limited to the "related milk supply agreements" between DFA and Dean. *See* Dean Foods, FY 2019 Form 10-K, at 39 (Mar. 20, 2020).

**Request No. 6**: All contractual agreements concerning or relating to (1) the supply of raw milk to a milk processing plant in the relevant geographic region, (2) the sale of processed fluid milk from processing plants in the relevant geographic region to customers, or (3) any national or overarching supply agreement between DFA and Kroger, which were effective in the year prior to the Asset Sale or that will be effective following the Asset Sale.

**Request No. 7**: Documents sufficient to show any and all bids and/or proposals for the supply of raw milk to a milk processing plant in the relevant geographic region, or the sale of processed fluid milk from a plant in the relevant geographic region to a customer during the relevant time period, including but not limited to the bid itself and information concerning the bidders' names and addresses, and the dates, specifications, and outcomes of their bids.

**Request No. 8**: Structured Data sufficient to show the terms of any transactions concerning or relating to the supply of raw milk to a milk processing plant in the relevant geographic region, or the sale of processed fluid milk from a plant in the relevant geographic region to a customer during the relevant time period. The data should include fields mutually agreed upon by the parties after consultation, in good faith, to adequately capture information pertinent to such transactions.

DATED: June 17, 2020 Respectfully submitted,

**HUNTON ANDREWS KURTH LLP**

s/ Ryan G. Rich
A. Todd Brown, Sr., N.C. State Bar No. 13806
Ryan G. Rich, N.C. State Bar No. 37015
101 South Tryon Street, Suite 3500
Charlotte, North Carolina 28280
Telephone: (704) 378-4700
tbrown@huntonak.com
rrich@huntonak.com

Ryan P. Phair (admitted *pro hac vice*)
John S. Martin (admitted *pro hac vice*)
Kevin Hahm (admitted *pro hac vice*)
Carter C. Simpson (admitted *pro hac vice*)
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1500
rphair@huntonak.com
martinj@huntonak.com
khahm@huntonak.com
csimpson@huntonak.com

*Attorneys for Food Lion, LLC*

**TROUTMAN SANDERS LLP**

s/ Jason D. Evans
Jason D. Evans, N.C. State Bar No. 27808
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1502
jason.evans@troutman.com

James A. Lamberth (admitted *pro hac vice*)
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3362
james.lamberth@troutman.com

*Attorneys for Maryland and Virginia Milk
Producers Cooperative Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION PURSUANT TO COURT'S JUNE 10, 2020 ORDER** upon the Defendant in this lawsuit by email and United States mail, first class, postage prepaid and addressed as follows:

James P. Cooney, III
Sarah Motley Stone
Womble Bond Dickinson LLP
301 S. College Street, Suite 3500
Charlotte, NC 28202
Jim.Cooney@wbd-us.com
Sarah.Stone@wbd-us.com

Brent F. Powell
Womble Bond Dickinson LLP
One West Fourth Street
Winston-Salem, NC 27101
Brent.Powell@wbd-us.com

W. Todd Miller
Amber McDonald
Baker & Miller PLLC
2401 Pennsylvania Avenue N.W., Suite 300
Washington, D.C. 20037
TMiller@bakerandmiller.com
AMcDonald@bakerandmiller.com

This the 17th day of June 2020.

                                          s/ Ryan G. Rich
                                          Ryan G. Rich