IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., <br><br> *Plaintiffs*, <br><br> v. <br><br> Dairy Farmers of America, Inc., <br><br> *Defendant*. | Case No. 1:20-cv-00442 |

## JOINT MOTION TO MODIFY DISCOVERY AND BRIEFING SCHEDULE

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 26.1(d), Plaintiffs Food Lion, LLC, and Maryland and Virginia Milk Producers Cooperative Association, Inc., ("Plaintiffs") and Defendant Dairy Farmer of America, Inc. ("DFA") respectfully move the Court to modify the Stipulated Discovery and Briefing Schedule/Order that was entered by the Court on July 2, 2020. (ECF 40). The Parties propose an amended schedule that extends the present discovery period by approximately 100 days and will still have dispositive motions filed and fully briefed by mid-July 2021, approximately 12 months after issue was joined in a complex vertical antitrust case. A copy of the Parties' proposed schedule is attached as Exhibit 1, showing the prior deadlines and proposed new deadlines.

In support of their motion, the Parties state as follows:

1. This case involves the dairy supply chain. Plaintiffs have alleged two product markets: a raw milk market and processed fluid milk market. (ECF 21 at ¶¶ 9, 10). MDVA is a cooperative that sells raw milk and also sells processed fluid milk. Food Lion is a retailer that purchases processed fluid milk. Through its acquisition of some legacy assets of Dean Foods Company in the alleged geographic market, DFA now operates in both alleged product markets.

2. Plaintiffs initially sought expedited discovery in this case. (ECF 20). At the Court's suggestion, the parties negotiated a single proceeding culminating in a trial on an accelerated basis. Based on these negotiations, the Court entered a consent Stipulated Discovery and Briefing Schedule/Order (the "Scheduling Order") on July 2, 2020. (ECF 40). The Scheduling Order established an expedited 90-day schedule for written discovery and document production, with the production of structured data by all parties to be completed by August 15, 2020. The parties had until August 31, 2020 to serve additional written discovery requests, all document productions are to be completed by October 2, 2020, and all fact depositions by October 30, 2020.

3. To-date, the Parties have diligently pursued discovery. Data has been exchanged. Requests for Production and Interrogatories have been

served. The Parties have held numerous meet-and-confers and weekly joint calls to discuss the progress and coordination of discovery.

4. **Data Productions.** Pursuant to the Court's Order, data productions were made by August 15, 2020. The Parties have in good faith engaged in continuing discussions to assist in the use and interpretation of the structured data. Frequently businesses will maintain a data dictionary (or equivalent) that provides information on what the information, tables, and data mean and what their contents signify. For some of the data produced by the parties, data dictionaries do not exist or have had to be created to support the understanding of the data. The parties are continuing to work to resolve outstanding questions regarding the data productions. These difficulties, despite the best efforts of the Parties, will mean that data production and interpretation will be ongoing for several more weeks and will not be completed by October 2, 2020.

5. **Document Discovery**. To-date, the parties have served a collective 129 requests for production and are actively engaged in custodian and search term negotiations. Over 50,000 pages of documents have been exchanged between the Parties, with several more waves of productions forthcoming. Again, and despite the diligence of the Parties, full collections from the custodians of documents have not yet occurred and the Parties do not

believe that such collections will be completed by October 2 or that the document production will be substantially complete by October 2.

      a. **DFA's Document Productions.** Per the Court's order on Plaintiffs' Motion for Expedited Discovery (ECF 28), Plaintiffs served DFA with eight requests for production of documents (the "First RFPs") on June 17, 2020. DFA served its written responses and objections to the First RFPs on July 17, 2020 and simultaneously produced data and over 18,000 pages of documents relating to raw milk or fluid milk produced or sold in North and South Carolina that were previously produced to the Department of Justice and/or state Attorneys General. (*See* ECF 56 at ¶ 5). Since July 17, DFA has continued making numerous and substantial productions, totaling over 24,000 pages, including data files. Plaintiffs have also served a second and third set of requests for production containing an additional 51 document requests. (ECF 53 at Ex. 1).

      b. **Food Lion's Document Productions**. DFA served its initial requests for production of documents on July 10 and Food Lion served its response and objections on August 10. (ECF 53 at ¶ 12). On August 31, 2020, DFA served its second set of document requests to Food Lion and Food Lion served its responses and objections on September 11,

2020. As of the filing of this Motion, Plaintiff Food Lion has produced a total of 1732 documents (7,220 pages), excluding data files.

  c. ***MDVA's Document Productions***. DFA served its initial requests for production to MDVA on July 10, and MDVA served its responses and objections on August 10. (ECF 53 at ¶ 12). On August 31, 2020 DFA served its second set of document requests to MDVA. As of the filing of this Motion, MDVA has produced a total of 2,490 documents (including data files) (19,501 pages).

6. **Deposition Discovery**. On August 31, 2020, DFA served two Notices of Deposition for individuals for whom it could take depositions in advance of custodial documents productions. The Parties began depositions on September 25. However, both parties anticipate a large number of party and non-party depositions and that most of these depositions cannot occur until document and data production is substantially complete. Under the current schedule, all depositions must be *completed* by October 30. Because the Parties do not believe that substantial completion of documents and data can occur before mid-November, they will not be able to conduct all necessary depositions under the present Order.

7. **Third Party Discovery.** A total of nine (9) subpoenas have been issued to third parties and the Parties anticipate serving additional third party

subpoenas. Third party discovery is necessary in this case because the Plaintiffs have alleged two markets—(1) the upstream market for the supply of raw milk by cooperatives and farmers who can reasonably turn to milk processing plants in the Carolinas with their supply; and (2) the downstream market for the processing and sale of fluid milk to customers who can reasonably turn to milk processing plants in the Carolinas for their purchases—which involve numerous cooperatives, processing plants, and fluid milk customers who are not parties to this case. *See* Compl. (ECF 1) ¶¶ 10-11, 21-26.

8. Discovery from the Parties and the third parties—including data in a usable and understandable format—will be needed by all Parties in this case to establish (or contest) the alleged product and geographic markets. The Parties will need to understand, among other things: to whom the cooperatives sell their milk; from whom the processors buy raw milk; to whom the processors sell processed fluid milk; and the hauling and shipping costs for both raw and fluid milk. *Belmorea, LLC v. Bayer Consumer Care AG*, 338 F. Supp. 3d 477, 487 (E.D. Va. 2018) ("The Fourth Circuit has recognized that the proponent of an antitrust claim must present expert testimony to establish its proposed market definition and that, without such testimony, the claim fails for lack of competent evidence on an essential element."). *See also Victus, Ltd.*

*v. Collezione Europa U.S.A., Inc.*, 26 F. Supp. 2d 772, 787 (M.D.N.C. 1998) ("Economic experts may not be required, but Europa has not provided affidavits of any witnesses who can address such questions. . . . No reasonable jury could find that a relevant market, as described by Europa, exists."); *Water Craft Mgmt., LLC v. Mercury Marine*, 361 F. Supp. 2d 518, 542 (M.D. La. 2004) ("Courts consistently require that expert testimony adequately define the relevant geographic and product markets in antitrust cases.").

9. It is well recognized that expert discovery "often cannot go forward in a productive way when fact discovery remains outstanding." *Kinetic Concepts*, 2010 WL 1418312, at *4; *see also Hayes v. GGP-Four Seasons, L.L.C.*, 2011 WL 1466409, at *3 (M.D.N.C. Apr. 18, 2011) (finding good cause to extend discovery schedule where "the volume and continuing generation of medically-related documentation prevented completion of Dr. Wilheim's report").

10. While the Parties may dispute the appropriate scope and breadth of discovery (*see e.g.,* ECF No. 46 and 52), they have worked diligently to request and produce documents and data. The Parties have "diligently followed the scheduling order—requesting documents in a timely manner, discussing [the other side's] objections with counsel in a timely manner," and attempting to prepare for depositions and the close of fact discovery. *Eshelman v. Puma Biotechnology, Inc.*, 2018 WL 327559, at *5 (E.D.N.C. Jan. 8, 2018).

The size and complexity of this matters at issue in this case require additional time.  As in *Eshelman*, "[t]here was nothing else [the Parties] could have done to more diligently abide by the scheduling order."  *Id*.  This adjusted schedule ensures the parties adequate time to devote the time and resources this case demands.

WHEREFORE, the Parties respectfully move the Court to amend the current Discovery and Briefing Schedule and replace it with the Proposed Order accompanying this motion.

Respectfully submitted, this the 29th day of September, 2020.

        **HUNTON ANDREWS KURTH LLP**

        /s/ *Ryan G. Rich*
        A. Todd Brown, Sr., N.C. State Bar No. 13806
        Ryan G. Rich, N.C. State Bar No. 37015
        101 South Tryon Street, Suite 3500
        Charlotte, North Carolina 28280
        Telephone: (704) 378-4700
        tbrown@huntonak.com
        rrich@huntonak.com

        Ryan P. Phair (admitted *pro hac vice)*
        John S. Martin (admitted *pro hac vice*)
        Kevin Hahm (admitted *pro hac vice*)
        Carter C. Simpson (admitted *pro hac vice*)
        2200 Pennsylvania Avenue, NW
        Washington, DC  20037
        Telephone: (202) 955-1500
        rphair@huntonak.com

martinj@huntonak.com
khahm@huntonak.com
csimpson@huntonak.com

*Attorneys for Food Lion, LLC*

**TROUTMAN SANDERS LLP**

*/s/ Jason D. Evans*
Jason D. Evans, N.C. State Bar No. 27808
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1502
jason.evans@troutman.com

James A. Lamberth
Alan W. Bakowski
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3362
james.lamberth@troutman.com
alan.bakowski@troutman.com

*Attorneys for Maryland and Virginia Milk Producers Cooperative Association, Inc.*

| | |
|---|---|
| **BAKER & MILLER PLLC**<br>W. Todd Miller*<br>Amber McDonald*<br>Erin A. Glavich*<br>2401 Pennsylvania Avenue N.W.<br>Suite 300<br>Washington, D.C. 20037<br>Phone: 202-663-7820<br>Fax: 202-663-7849<br>TMiller@bakerandmiller.com<br>AMcDonald@bakerandmiller.com<br><br>**LATHAM & WATKINS LLP**<br>Michael G. Egge*<br>555 Eleventh Street, NW<br>Washington, DC 20004-1304<br>Phone: 202-637-2285<br>Michael.Egge@lw.com<br>Attorneys for<br>Dairy Farmers of America, Inc.<br><br>*\*By Special Appearance* | **WOMBLE BOND DICKINSON (US) LLP**<br><br>  /s/    *Brent F. Powell*<br>James P. Cooney III<br>N.C. State Bar No. 12140<br>Sarah Motley Stone<br>N.C. State Bar No. 34117<br>One Wells Fargo Center,<br>301 S College St<br>Suite 3500<br>Charlotte, North Carolina 28202<br>Phone: 704-331-4900<br>Fax: 704-331-4955<br>Jim.Cooney@wbd-us.com<br>Sarah.Stone@wbd-us.com<br><br>Brent F. Powell<br>N.C. State Bar No. 41938<br>One West Fourth Street<br>Winston-Salem, North Carolina 27101<br>Phone: 336-721-3600<br>Fax: 336-721-3660<br>Brent.Powell@wbd-us.com |

*Attorneys for Dairy Farmers of America, Inc.*