# EXHIBIT D

**Letter from B. Powell to C. Simpson
Re: Plaintiffs' Second Set of Requests for Production
September 28, 2020**



Womble Bond Dickinson (US) LLP

One West Fourth Street
Winston-Salem, NC 27101

t: 336.721.3600
f: 336.721.3660

Brent F. Powell
Direct Dial: (336) 728-7023
Direct Fax: (336) 726-9023
Email: brent.powell@wbd-us.com

September 28, 2020

Carter C. Simpson
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Carter,

I write in response to your letter of September 10, 2020 regarding Plaintiffs' 2nd Requests for Production of Documents that are not subject to the pending Motion for Protective Order. DFA's responses as to any of Plaintiffs' proposed modifications are without prejudice to or waiver of DFA's previously-stated objections.

### I. Plaintiffs' Modified Requests

As a general matter, Plaintiffs' Modified Request Nos. 9 through 15 seek documents "concerning or relating" to three categories of information: (i) "any actual or potential business venture or non-ordinary-course transaction with Dean," (ii) the so-called "Side Note," and (iii) "DFA's plans, analyses or strategies concerning the sale or purchase of raw or fluid milk in the Relevant Area" (together, the "Revised Categories")

As to Revised Category (i), we understand "actual or potential business venture or non-ordinary course transaction" with Dean to mean "joint ventures, financial ventures, mergers, or acquisitions with Dean" as well as "strategic discussions concerning the Dean assets in the wake of the Asset Sale." We are unclear, however, as to whether Plaintiffs intend that to cover any proposed venture or transaction anywhere in the country or just in the Relevant Area. To the extent that Revised Category (i) is not limited to the Relevant Area, DFA stands on its objection.

As to Revised Category (ii), DFA has already produced a copy of the promissory note with Dean. DFA's position is that Plaintiffs are not entitled to broad-ranging discovery of documents "concerning or relating" to the promissory note. In seeking expedited discovery,

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



Plaintiffs initially focusing on their foreclosure allegations related to DFA's acquisition of the Carolinas Plants and noted their obligation to propound focused discovery requests. Since discovery began, however, Plaintiffs have made sweeping requests for documents based on their ever-expanding theory of the case. At no point did Plaintiffs inform DFA or the Court that they intended to conduct discovery of a decade-old promissory note (that is no longer in effect) and every document or communication concerning or relating to that promissory note. DFA stands on its objections to Revised Category (ii).

**Modified Request No. 9**: As modified, this request seeks Board materials concerning or relating to the Revised Categories. If Plaintiffs agree to limit the scope of any proposed transactions with Dean to the Relevant Area, as discussed above, DFA will agree to produce Board minutes and Board books that contain information responsive to Revised Categories (i) and (iii).

**Modified Request No. 10:** This modified request incorporates the Revised Categories, but instead of seeking "documents presented to or prepared by" DFA's Board or its committees, seeks "all documents, calendar entries, minutes, and notes from meetings" "concerning or relating" to those topics. Plaintiff's revisions do not address DFA's objection regarding "calendar entries," and DFA is agreeing to produce Board minutes and Board books in response to Revised Requests No. 9. Accordingly, DFA is unclear as to what documents Plaintiffs are seeking with this request that are not covered by Modified Request No. 9. To the extent Plaintiffs are asking DFA to contact each member of its Board and ask if they have any personal notes of board meetings, DFA objects as overbroad, disproportionate and unduly burdensome.

**Modified Request No. 11:** This modified request again incorporates the Revised Categories, but seeks "all communications between or amongst members" of DFA's Board. Your letter states that Plaintiffs "believe a targeted search and extraction of Board member communications is required," but does not explain what that means. As we previously discussed, to the extent the agreed-upon custodians are members of DFA's Board and the parties reach agreement on search terms, DFA will search those Board members' communications. DFA will not, however, search the communications of every member of the Board. For one thing, many Board members do not have DFA email accounts and DFA would not have access to their emails. Moreover, a demand to search the communications of all Board members is overbroad and disproportionate absent any showing of need by Plaintiffs. As such, DFA proposes to search the emails of the Chairman of the Board Randy Mooney, as well as CEO Rick Smith and CFO Rick Smith, who would be likely to supply information to the Board.

**Modified Request No. 12:** This modified request again incorporates the Revised Categories, and seeks communications with third parties on those topics. Plaintiffs agree to provide search terms to narrow the list of third-parties, subject to the caveat that if other search terms identify responsive communications, they will be produced. Again subject to the issue noted in regard to Modified Request No. 9 about the Relevant Area, DFA agrees



to negotiate with Plaintiffs as to search terms for this request for Revised Categories (i) and (iii).

**Modified Request No. 13:** This is a repeat of Modified Request No. 12, substituting "all documents, calendar entries, minutes and notes from meetings" in lieu of communications. We view this request as redundant of Modified Request No. 12, as the negotiated search terms will capture any responsive documents.

**Modified Request No. 14:** This modified request again incorporates the Revised Topics, and seeks all communications between DFA and Dean on those topics. We continue to have concerns about the potential scope of this request, even as modified, but will negotiate with Plaintiffs as to possible search terms for this request for Revised Categories (i) and (iii).

**Modified Request No 15:** This is a repeat of Modified Request No. 14, substituting "all documents, calendar entries, minutes and notes from meetings" in lieu of communications. We view this request as redundant of Modified Request No. 14, as the negotiated search terms will capture any responsive documents.

**Modified Request No. 16:** DFA agrees to produce documents sufficient to show meetings between DFA and Dean regarding the Asset Sale. Subject to Plaintiffs confirmation of our understanding of "actual or potential business venture or non-ordinary course transactions" detailed above, DFA will produce documents sufficient to show all meetings for any such actual or potential transactions in the Relevant Area.

**Modified Request No. 32:** Plaintiffs' modified request seeks documents sufficient to show DFA's and Dean's distribution routes of raw or fluid milk in, into, or from the Relevant Area. DFA believes that information sufficient to determine raw milk distribution routes should be available from the hauling data that DFA produced. DFA is unsure how much information it has regarding Dean's distribution routes for fluid milk, but will work with Plaintiffs on that issue.

**Modified Request No. 54:** Given that Plaintiffs have DFA's actual farmer payroll data, we do not understand what additional information Plaintiffs are seeking with this request, which still appears to be a "catch-all" request. If Plaintiffs can identify specific information that they believe they need that is not contained in the farmer payroll data, DFA will consider it.

II. <u>**Requests Plaintiffs Are Unwilling to Modify**</u>

**Request No. 17:** DFA stands on its objections and response to this Request. Regarding the specific inquiry in your letter, DFA will produce a final version of the Bates White presentation. DFA is also continuing to look for any additional responsive communications with DOJ and will supplement its production as necessary.



**Request No. 24:** DFA stands on its objections and responses to this Request.

**Request No. 35:** DFA stands on its objections and responses to this Request.

**Request No. 37:** DFA stands on its objections and responses to this Request. We also again request that Plaintiffs confirm that they have no way to access or review materials from the *Southeastern Milk* litigation, other than what is publicly available in court files.

**Request No. 38:** DFA stands on its objections and responses to this Request. To clarify its position, as explained above, DFA maintains that Plaintiffs are not entitled to broad-ranging discovery regarding the promissory note.

**Request No. 39:** DFA stands on its objections and responses to this Request.

III. <u>Remaining Requests</u>

We remain willing to negotiate custodians and search terms for Request Nos. 18, 19, 20, 21, 22, 23, 28, 30, 33, 34, 36, 51, 52, and 53. Just as Plaintiffs are not proposing at this time to narrow those requests, DFA continues to stand on its objections and responses to those requests, subject to the custodian and search term negotiations.

\* \* \*

We look forward to your response to these issues.

Sincerely,

**Womble Bond Dickinson (US) LLP**

Brent F. Powell