# EXHIBIT F

**Letter from B. Powell to C. Simpson
Re: Plaintiffs' Document Requests that are the
Subject of DFA's Motion for Protective Order
September 14, 2020**



Womble Bond Dickinson (US) LLP

One West Fourth Street
Winston-Salem, NC 27101

t: 336.721.3600
f: 336.721.3660

Brent F. Powell
Direct Dial: (336) 728-7023
Direct Fax: (336) 726-9023
Email: brent.powell@wbd-us.com

September 14, 2020

Carter C. Simpson
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037

Carter,

  I write in response to your letter of September 9, 2020 regarding Plaintiffs' document requests that are the subject of DFA's Motion for Protective Order (ECF No. 52).

  Without responding in detail to the contentions you outline on the first two pages of your letter, we disagree with both Plaintiffs' factual assertions and with their theory for why events from prior years are relevant to whether the specific acquisition of the Carolinas Plants challenged in the Complaint are anticompetitive.

  Turning to the specific requests discussed in your letter, DFA's responses are as follows:

I. <u>Request Nos. 27, 42 and 43</u>

  **RFP No. 27:** Plaintiffs' proposed narrowing of this request is still overbroad, as it asks for "all documents" since January 1, 2014, "concerning or related to" DFA's or Dean's strategy in the Relevant Area and that "mention or relate to" either MDVA, "DFA's efforts to compete with MDVA in the Relevant Area," or "MDVA's availability as a supplier to Dean." As explained in the Motion for Protective Order, requests for "all documents concerning or related to" various topics are inherently overbroad. In any event, DFA has already agreed to produce business plans and analyses in response to Plaintiffs' RFP No. 4. In addition, DFA has agreed to produce plans related to the Carolinas plants in response to RFP No. 22. Accordingly, DFA believes its production in response to these two RFPs are likely to capture any strategy documents related to competition with MDVA in the Relevant Area.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.



As to time period, DFA does not agree to search for documents going back to 2014. Even if Plaintiffs were correct that DFA and Dean agreed in 2014 that Dean's processing facilities would begin reducing the volume of raw milk purchased from MDVA, that is perfectly lawful conduct—as evidenced by the fact that MDVA is not asserting a retrospective claim for damages in this case based on any such alleged agreement. Moreover, any such agreement would be irrelevant to Plaintiffs' prospective foreclosure claim as Plaintiffs already allege that MDVA does not sell any raw milk to the Carolinas Plants.

**RFP No. 42:** We understand that Plaintiffs are withdrawing this request.

**RFP No. 43:** DFA continues to object to the time period of this request. DFA also disputes that this request is proportional or relevant to the issues in this litigation. In particular, we do not understand how documents "reflecting DFA's efforts to attract or recruit MDVA member-farmers" in the Relevant Area—even assuming such member-farmers can be readily identified—relate to DFAs "likely intended course of action in and around the Carolinas in the wake of the Asset Sale." More generally, we do not understand how an agricultural cooperative seeking to attract new members provides evidence of attempted monopolization.

## II.     RFP Nos. 40 and 41

**RFP No. 40:** We note that Plaintiffs are not proposing any modification to this request. In addition, simply because Plaintiffs chose to include an allegation about Cumberland Dairy in the Complaint does not make it relevant or discoverable. DFA maintains its position as to this request.

**RFP No. 41:** Even as narrowed, DFA still fails to see the relevance or proportionality of this request, and stands on its objections.

## III.    RFP Nos. 49 and 50

**RFP No. 49:** This Request originally sought "[a]ll documents related to or used in the preparation of any allegation, denial, or affirmative defense raised in Your pleadings in the Pending Action." Plaintiffs' proposed "narrowing" actually expands the scope of the Request beyond what was originally requested to include documents "supporting, contradicting, referring to, or relating" to *Plaintiffs'* allegations "that the Asset Sale will have the effect of substantially lessening competition" or "that DFA has attempted to monopolize the market for raw fluid milk in the relevant geographic area."

Your letter also asserts that the request "now essentially mirror DFA's requests for documents from Plaintiffs, with the exception of the reference to DFA's affirmative defense." That assertion ignores the distinction that DFA's requests sought documents *from* Plaintiffs about specific allegations made *by* Plaintiffs. *See, e.g.*, DFA's 2nd RFPs to MDVA at Nos. 28, 29, 37 and 38 (identifying specific paragraph numbers in the Complaint). Plaintiffs revised RFP No. 49, in contrast, seeks documents *from* DFA about generalized allegations made *by* Plaintiffs.



In short, even as revised, Plaintiffs' proposed reformulation "is analogous to seeking all documents relating to the allegations in a complaint, and it has been shown that such a sweeping request is not permitted." *Donnelly v. Arringdon Dev., Inc*, No. 1:04CV889, 2005 WL 8167556, at *2 (M.D.N.C. Nov. 8, 2005). Because the revised request fails to address the particularity issues raised in the Motion for Protective Order, DFA maintains its position.

**RFP No. 50:** DFA agrees to this request as narrowed.

### IV.  Requests Nos. 25 and 26

DFA maintains its position that these requests are overbroad as to time period, disproportionate, and seek irrelevant information, and agrees that the parties are at an impasse as to these requests.

### V.  Requests Nos. 44 through 48

Plaintiffs have yet to provide an explanation of the relevance or proportionality of these requests, but instead make the conclusory assertion that these requests "seek documents relating to DFA's involvement with other cooperatives operating in the Relevant Area throughout the time period that DFA was actively seeking to foreclose MDVA from processing capacity." Plaintiffs offer no explanation as to how DFA's "involvement" with other cooperatives relates to their foreclosure allegations, or what information Plaintiffs hope to discover that might bear on those allegations. DFA also stands on its objections to the time period of RFP Nos. 46, 47 and 48.

### VI.  RFP Nos. 29 and 31

**RFP No. 29:**  As we explained on our September 4 call, DFA continues to view this request as an improper, overbroad "catch all" request in that it seeks documents "to the extent not produced in response" to Plaintiffs' 1st RFPs "concerning or relating" to the supply of processed milk to Food Lion or "other major customers," which are not specified. As we also explained on our call, DFA does not think that this request should impose an independent obligation to produce any document that hits on a search term simply because the document in some way "concerns or relates" to the supply of processed milk, without some other connection to an issue in the case. Accordingly, although DFA is willing to consider search terms, we remain concerned about the absence of a limiting principle as to what documents "concern or relate" to the supply of processed milk, and that Plaintiffs will seek to use this request to demand production of documents that have little relevance to the case.

**RFP No. 31:**  DFA agrees that as reformulated, the parties are likely to be able to negotiate custodians and search terms that will locate any documents that may be responsive to this request.

\*     \*     \*

To recap, we appear to have reached an agreement on RFP Nos. 31, 42 and 50, while the remaining requests remain in dispute. We understand that Plaintiffs' response to the Motion for



Protective Order is due on Tuesday, September 15. As previously discussed, we are amenable to a short extension of time on the opposition. I am available by phone if there are any additional issues you would like to discuss in light of this letter.

    Sincerely,

    **Womble Bond Dickinson (US) LLP**

    Brent F. Powell