# EXHIBIT L

**Letter from A. McDonald to C. Simpson
Regarding Custodians and Search Terms Proposal
October 6, 2020**

# BAKER & MILLER PLLC

SUITE 300
2401 PENNSYLVANIA AVE., N.W.
WASHINGTON, D.C. 20037

TELEPHONE: (202) 663-7820
FACSIMILE: (202) 663-7849

October 6, 2020

**Via E-mail**
Carter C. Simpson
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
csimpson@hunton.com

Re: *Food Lion LLC, et al. v. Dairy Farmers of America, Inc.*, No. 1:20-cv-00442 (M.D.N.C.), Custodians and Search Terms Proposal

Carter:

We are in receipt of your letter from September 29, 2020. This letter is a response to Plaintiffs' proposal that DFA agree to a single list of custodians for all of Plaintiffs' Requests for Production, as well as a single list of search terms applicable to all custodians. DFA will respond to your proposal regarding additional custodians under separate cover.

As previously explained, Plaintiffs' proposed approach of an omnibus custodian and search term list is not appropriate. DFA is a cooperative engaged in the buying and selling of raw and fluid milk, and, in most instances, its employees have clearly delineated roles, related either to raw or fluid milk (not both). Thus, running raw milk-related search terms over the files of a person who is entirely engaged in fluid milk activities is not reasonably likely to result in responsive documents related to requests focused on raw milk. Further, reviewing such documents creates unnecessary burden and is disproportionate to the needs of the litigation. Ultimately, what Plaintiffs propose would be a waste of time and resources.

Even where a person is not solely engaged in the raw or fluid milk business, such as Alan Bernon, DFA's President and Chief Executive Officer, DFA Dairy Brands (formerly Senior Advisor, Mergers & Acquisitions), Plaintiffs' proposed approach remains inappropriate. For example, Mr. Bernon, who is a custodian for Plaintiffs' RFP No. 3 (antitrust-related communications), would likely never be involved in bids for the sale of raw milk in the parties' agreed-upon relevant area, the subject of Plaintiffs' Request No. 7. As such, a review of Alan Bernon's files that happen to hit upon search terms that are

appropriate for Request No. 7 is unreasonable. (In our September 9, 2020 email, we noted that the same argument would be true of Rick Smith, DFA's President and CEO). To review documents for a custodian not reasonably likely to have responsive documents on a given subject, but whose documents happen to hit on broad search terms, is the definition of undue burden and lack of proportionality. Yet, this is the precisely what you seek to impose on DFA across all its custodians.

Despite its many concerns, DFA tested Plaintiffs' approach, in an effort to resolve this matter expeditiously. Specifically, DFA tested Plaintiffs' Request No. 3 search terms (including those terms proposed in Plaintiffs' September 10th email) on its Request No. 7 custodians. DFA also tested the Request No. 7 search terms (including those terms proposed in Plaintiffs' September 10th email) on the Request No. 3 custodians. Applying Plaintiffs' approach to just two of the Requests resulted in more than 500,000 additional documents. This alone is evidence that Plaintiffs' proposal is untenable.

Applied more broadly, Plaintiffs would impose a serious burden on DFA and would significantly hamper DFA's ability to comply with the Court's scheduling order, an expedited schedule that Plaintiffs asked for – all for documents that are unlikely to be responsive to Plaintiffs' Requests.

Plaintiffs have previously and improperly disregarded DFA's proportionality arguments. In your September 10, 2020 email, you wrote that "[i]f a custodian is 'rarely' [if ever] involved with a topic that is the subject of a Request, then he or she will have few, if any, documents responsive to the terms that we propose, and a review of these documents will not be overly burdensome." At that time, we advised you that this position was simply not true. It is entirely possible that a search term may appear in any number of nonresponsive documents —indeed, our "test" of Plaintiffs' approach confirms this is the case—and DFA would be burdened with reviewing these documents.

Plaintiffs' justification for the attempted imposition of this burden on DFA appears to be twofold. First, you write that it would "obviate the need to bring certain disagreements—such as that over collecting documents responsive to Request No. 4, for example—before the court." However, DFA remains willing to negotiate additional search terms with the Plaintiffs. We only ask that those search terms be tied to a specific Request and that custodians be selected based on their appropriateness for the specific Request. Second, you claim that an omnibus list would "streamline the discovery process." However, you acknowledge that each search term may "be adjust[ed] as necessary depending on the hit count for each custodian." Thus, the requirement for individualized negotiation is not alleviated by your proposal, and additional burden is placed on DFA with little to no benefit to the parties or the process.

We remain amenable to discussions of Plaintiffs' proposed search terms and, as such, we are reviewing the search terms proposed in your September 29, 2020 email and will consider them in connection with Plaintiffs' requests.

Sincerely,

*Amber L. McDonald/AC*

Amber L. McDonald